(No. 31870.

NORTHWESTERN UNIVERSITY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION *et al.*—(AXEL ANDERSON, Defendant in Error.)

*Opinion filed May 24, 1951.*

THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, CHARLES WOLFF, and WALTER E. HASSMANN, all of Chicago, for plaintiff in error.

WILLIAM I. CALDWELL, and OSWELL G. TREADWAY, both of Chicago, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Northwestern University, plaintiff in error, has over seventy-five acres of grounds enclosed by an iron fence erected by it. Public streets run along the south and west boundaries of its grounds, and, along the streets and outside of the fence, are public sidewalks. The university buildings are inside the fenced grounds, and access is obtained through gates at different points along the several streets.

Defendant in error, Axel Anderson, an employee of Northwestern University, was a gatekeeper, and during his working hours from 7:45 A.M. until 3:45 P.M. his station was in a small shanty inside the grounds, on a drive which went north to the powerhouse from the street along the south side of the grounds. Anderson was required to punch a clock each day he was employed, at the power-house, which was a short distance north from the shanty. As Anderson entered upon and departed from his work it was his custom to enter the grounds at a gate on the west side of the enclosure, the same opening off of the north and south side street, and cut across the university grounds several hundred feet to the powerhouse, in order to punch the clock. On the day of the accident, January 24, 1949, he arrived at the street outside the grounds, about 7:25 in the morning, and instead of entering the west gate and cutting across the grounds he elected to go along the sidewalk on the south side of the grounds to the gate where his shanty was located. The sidewalk was covered with water and ice, so he attempted to walk upon a narrow strip of ground between the edge of the sidewalk and the iron fence, and while so doing he slipped and fell into the fence, and suffered a severe injury. There was no requirement upon the part of the employer as to his manner of reaching his place of work, other than he should start work at 7:45 in the morning, and work until 3:45 P.M. No part of his work was to be performed in the public street.

Anderson filed an application for adjustment of com-pensation. The arbitrator found in favor of Anderson, but upon appeal to the Industrial Commission the decision of the arbitrator was set aside and a finding made that the injury of the defendant in error *did not* arise out of and in the course of his employment, and consequently com-pensation was denied. Upon *certiorari* to the circuit court of Cook County the judge entered an order vacating and

setting aside the decision of the Industrial Commission and remanding it with directions to reinstate the decision of the arbitrator. The Industrial Commission complied with this order, and upon the second review by the circuit court the order of the Industrial Commission was confirmed and compensation awarded. It is from this order allowing compensation that we have allowed a writ of error.

It is to be observed that the original decision of the Industrial Commission denied compensation to Anderson, and it was only after the circuit court had remanded the case back to it, with directions to enter an award in favor of the defendant in error that the commission did award compensation to him. The commission was, of course, required to follow the directions of the court, but upon review in this court the whole record is open, and we have jurisdiction to pass upon the correctness of the order remanding the case to the Industrial Commission. *Brown Shoe Co.* v. *Industrial Com.* 374 Ill. 500; *Gray Knox Marble Co.* v. *Industrial Com.* 363 Ill. 210.

As noted in the statement of facts, the accident suffered by Anderson occurred on a public sidewalk, and no part of his duties required him to be, or were in fact performed, in the street, so that it becomes necessary to determine whether the accident arose out of and in the course of his employment, a necessary precedent to allowing compensation for an accidental injury. There must be some causal connection between the employment and the injury before compensation is awarded. *Scott* v. *Industrial Com.* 374 Ill. 225; *Scholl* v. *Industrial Com.* 366 Ill. 588; *Clark* v. *Industrial Com,* 356 Ill. 641.

It is likewise well established that whether an injury received by an employee can be considered as having arisen out of and in the course of his employment is a question of fact, and this rule has been followed in deciding whether an injury suffered while going to or returning from work is one arising out of and in the course of employment.

(*Payne and Dolan* v. *Industrial Com.* 382 177; *Dambold* v. *Industrial Com.* 323 Ill. 377.) It is likewise well established that the decision of the Industrial Commission on facts will not be disturbed by the court on appeal unless the findings are manifestly against the weight of the evidence. *Wilhelm* v. *Industrial Com.* 399 Ill. 80; *Caterpillar Tractor Co.* v. *Industrial Com.* 397 Ill. 474; *Crepps* v. *Industrial Com.* 402 Ill. 606.

The facts in this case disclose without question that Anderson was injured while walking along the side of an icy sidewalk outside of the grounds of the plaintiff in error. There is no evidence that it was a part of his employment to be at such place at the time, and it is clear from the evidence that his injury was the result of slipping on snow and ice on the ground between the sidewalk and the fence enclosing the grounds of the plaintiff in error. These were all facts necessarily considered by the commission when it made the finding that "on the date last above mentioned said petitioner sustained accidental injuries which did not arise out of and in the course of the employment." The finding of the commission was based upon substantial evidence, and is not manifestly against the weight of the evidence, and therefore the finding of the circuit court, on review, that Anderson suffered accidental injuries arising out of and in the course of his employment, was not justified and is contrary to many decisions of this court.

In addition to the fact that the commission found that the injury of Anderson did not arise out of the employment, it is clear that the cause of the accident and consequent injury was slipping upon an icy public street used by the public generally. It has been settled that an injury sustained in this manner is one to which the public at large is exposed, and is not a risk of employment. *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241; *Farley* v. *Industrial Com.* 378 Ill. 234; *Board of Education* v. *Industrial Com.* 392 Ill. 261.

Defendant in error, however, contends that where the facts are not in dispute, the effect to be given them becomes a question of law. This is undoubtedly the law, but its application will not aid defendant in error. The defendant in error in order to recover compensation must suffer an accidental injury arising out of and in the course of the employment. "In the course of employment" refers to time, place and circumstances under which the accident occurred. (*Scholl* v. *Industrial Com.* 366 Ill. 588.) Here, the time was before Anderson started to work; the place was in the public street; and the circumstance grew out of the fact that Anderson chose this route to go to his place of work. An injury arising out of the employment must follow as a natural incident of the work. The causative danger must be peculiar to the work, and not common to the neighborhood. In other words, it must be incidental to the character of the work. *Scott* v. *Industrial Com.* 374 Ill. 225; *Mazursky* v. *Industrial Com.* 364 Ill. 445.

Defendant in error has called our attention to a number of cases where an injury suffered in the street has been held incidental to the employment and therefore compensable. Examination of these authorities will disclose that in each of these cases the work of the injured employee was in, or partly in, the street when he was injured, or the injury took place on the premises of the employer, and was an ordinary incident of his employment.

The case of *Crane Co.* v. *Industrial Com.* 306 Ill. 56, was a case where the employee was injured upon the premises of his employer while going to get his pay. *Porter Co.* v. *Industrial Com.* 301 Ill. 76, was a case of a traveling man injured while boarding a car, and traveling on the streets and public highways was a major part of his employment. *Western Coal and Mining Co.* v. *Industrial Com.* 296 Ill. 408, was the case of a miner injured upon his employer's premises, where he had to cross a railroad track to reach a washhouse. The case of *Wabash Railway*

*Co.* v. *Industrial Com.* 294 Ill. 119, was the case of an employee injured on the premises of his employer while going from one part of the employer's work to the place where he was employed. It differs from the present case in that Anderson was not injured upon the premises of his employer.

Reliance is also placed upon *Hinckley & Schmitt* v. *Industrial Com.* 391 Ill. 577. In that case a large part of the duties of the injured employee was performed in the street driving a truck, and in order to get to work he had to assist another employee in moving a truck in the street, so he, likewise, could move his truck, and we specifically pointed out in that case the distinction between an employee whose employment required him to work a part of the time in the streets, and one whose employment was entirely upon the premises of the employer. All of the Illinois cases cited by defendant in error are clearly distinguishable from the case before the court.

However, defendant in error relies strongly upon the case of *Barnett* v. *Britling Cafeteria Co.* 225 Ala. 462, 143 So. 813, and this case supports the position of the defendant in error. However, this case is clearly at variance with the decisions of this court, and cannot be given weight since the decisions of other jurisdictions are persuasive only when this court has not passed upon the particular point in issue.

Many other cases are cited by counsel for both parties in interest, which are only cumulative of the principles announced herein. It is sufficient to say that we have examined them, and nothing in them is at variance with what we have said above. From our examination of all of the cases, and from the admitted facts, the defendant in error has failed to prove that anything in his employment had any causal connection with his injury. There is no proof that his presence at the place of the accident was in the course of his employment, or that the injuries arose

out of his employment. And, further, the undisputed evidence shows clearly his injury arose from a risk shared in common with the public, and was therefore not compensable.

It was clearly within the province of the Industrial Commission to decide that Anderson was injured in an accident that did not arise out of, and in the course of, his employment. The findings of the Industrial Commission upon the original hearing were not contrary to the manifest weight of the evidence, and the circuit court committed error when it remanded the cause, with directions to make an award, and in confirming the award made under its directions.

The judgment of the circuit court of Cook County is reversed, and the award to the defendant in error set aside.

*Judgment reversed; and award set aside.*

Mr. JUSTICE SCHAEFER took no part in the consideration or decision of this case.