In the Matter of the Claim of MICHAEL BRIENZA, Appellant, *v.* LE CHASE CONSTRUCTION CORP., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 26, 1962.

*Samuel Weinreb* for appellant.

*Braiman & Braiman* (*Edward M. Braiman* of counsel), for Le Chase Construction Corp., and another, respondents.

HERLIHY, J. When the matter was first before the board, it was remitted to the Referee to give the parties an opportunity of producing proof as to whether or not the site of the alleged accident occurred on a city street. Thereafter the Referee found in favor of the claimant but the board reversed and held, in part, as follows: " In the absence of proof that the employer had failed to maintain a safe egress and ingress, and in view of the proof now submitted that the accident occurred on a public street, the Board finds that the accident did not arise out of and in the course of employment."

The proof showed that the City of Rochester had accepted Iona Street as a public street. The pictures of the alleged street in evidence are of great import in this case. An examination of them discloses that this is not a public street in the generally accepted concept of such a street. Rather it gives the appearance of a common alley running between the rear of buildings from one improved street to another. There was neither an improved road bed, curbs, sidewalk nor other evidence of street development, and equipment, material and debris of the employer and others were stored within the street line making passage difficult and, as testified to, at times impassable. There was further evidence that one of the property owners used dirt and gravel to fill in the varied assortment of holes in the roadway. There were no signs as such designating the street nor were there any street lights. Under such circumstances, the mere designation of Iona Street as a public street should not be sufficient reason to deny the claimant his right to compensation.

It further appears undisputed that the use of this street was the only means of egress and ingress to the claimant's place of employment and the immediate area near where he fell was a waiting area for the employees arriving for work before the gate or entrance to their place of employment was unlocked. The employer's report of injury stated that the accident occurred on the " Job Site ". It could thus be determined that this driveway or entranceway was within the employer's precinct and within the periphery of claimant's employment. The board made no such finding but rather determined that there was " absence of proof that the employer had failed to maintain a safe egress and ingress ".

We cannot say, as a matter of law, that an accident on a public sidewalk or public road per se negates the right to compensation. It depends upon the particular circumstances in each claim and here it would be a miscarriage of justice to hold that an unimproved, undeveloped street, and the only means of access to the place of employment, is sufficient fulcrum to deny compensation to this claimant premised on a finding that the accident occurred on a public street and did not arise out of and in the course of his employment. (See *Matter of Moskowitz* v. *Granata,* 9 A D 2d 310; *Matter of Rosenwasser* v. *Lanes Lake Success,* 9 A D 2d 1001; *Matter of Carrasquilla* v. *Penn Akron Co.,* 10 A D 2d 135; *Matter of Spennacchio* v. *Delco Appliance Division, General Motors Corp.,* 11 A D 2d 857.)

The decision of the Workmen's Compensation Board should be reversed and the matter remitted for its further consideration, with costs to the claimant-appellant.

REYNOLDS, J. (dissenting). At approximately 7:45 A.M., on the morning of January 4, 1960 claimant, a yardman, while proceeding from his residence to his place of work, sustained a fractured left wrist when he slipped and fell on a public street in the City of Rochester. The exact spot of the fall was marked by claimant on claimant's Exhibit No. 3 (a photograph) at a point near a trailer (which was not there at the time of the accident) and probably 20 or 25 feet from the employer's gate. The street involved, Iona Street, which provided the only access to the employer's premises, while a city street, was unpaved and unlighted and had no sidewalks or posted street name. At the time of the accident it was slippery as a result of a recent snow storm. Although the record indicated that this employer at the time of the accident was using part of the street itself to store various equipment, material and debris it affirmatively appears that there was no property or debris at the spot where the claimant fell. It also appears that the employer had on occasions spread dirt and gravel in an area of the street in front of its premises. It further appears that the street serves at least two other establishments as a loading and unloading area and/or an entranceway for employees. The original decision of the Referee was for the claimant in the absence of proof that the area in which claimant fell was a public street. The board sent it back for such proof which was furnished. It is now conceded that the fall occurred on a public street. The Referee on the remittitur made no decision but returned the case to the board after taking the evidence. The board on this record found that the accident occurred on a public street and was not caused by

a failure of the employer " to maintain safe egress and ingress ". The problem of when an employee (an inside worker) proceeding to his labors has attached himself to his employment for the purposes of the Workmen's Compensation Law has at times not been easily resolved. It is safe to say that once he has reached the employer's premises be it only to the point of reaching a private sidewalk belonging to the employer employment has attached (*Matter of Manville* v. *New York State Dept. of Labor,* 294 N. Y. 1; see, also, *Matter of Moskowitz* v. *Granata,* 9 A D 2d 310). It is equally the law that the normal risks of street travel to and from employment are not risks of employment (*Matter of Pomakoy* v. *American Locomotive Co.,* 277 App. Div. 823; *Matter of Amento* v. *Bond Stores,* 274 App. Div. 863; *Matter of Funarie* v. *Mohawk Club,* 257 App. Div. 887; *Matter of White* v. *Consolidated Aircraft Corp.,* 242 App. Div. 712, affd. without opinion 266 N. Y. 554). As in many other areas of the law, there lies between these clearly defined postulates a gray area where the ordinary risks of street travel merge into the risks attendant with employment. In each case it is for the trier of the facts to determine whether the risks which resulted in the injury are attendant to the employment relationship or are severable therefrom. It is for the board to determine, under the peculiar circumstances of the case, whether this street was within the employer's precincts or within the periphery of claimant's employment, not the province of this court. It is contended by the majority opinion that at times employees waited at the gate for the same to be unlocked, and that for this reason the board could have determined that the street was within the employer's precincts, but of course the board did not so find and on sound ground. This fall occurred some distance from the gate and the question of waiting at a gate or being in a waiting area is not involved it this case. Thus while we have said that the mere fact an accident occurred on a public street may not in and of itself bar recovery under certain circumstances (*Matter of Carrasquilla* v. *Penn Akron Co.,* 10 A D 2d 135) the usual rule is that when an inside worker falls on a public street on his way to or from work in the absence of some unusual attendant circumstances the fall is not compensable. We are limited in such a situation to the determination of whether there is substantial evidence to support the decision of the trier of the facts (*Matter of Rosenwasser* v. *Lanes Lake Success,* 9 A D 2d 1001). We have upheld decisions of the board that were liberal in interpreting the ambit of the employer's responsibility in this area (see *Matter of Rosenwasser, supra; Matter of Gaik* v. *National Aniline Divisions,* 5 A D 2d 1039;

*Matter of Flanagan* v. *Ward Leonard Elec. Co.,* 274 App. Div. 1081; *Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, affd. without opinion 289 N. Y. 804).

The majority is apparently under the impression that the board in order to arrive at the decision it reached herein must have held as a matter of law that the accident was not compensable because it occurred on a public street *irrespective of the attendant factual circumstances.* There seems to be no basis whatever for this conclusion. The record clearly indicates that all the factual circumstances were before the board and that they considered the same. It was not necessary for the board to hold that because the accident occurred upon a public street that it was not compensable as a matter of law. Neither is it necessary for this court to so hold to affirm. We would be merely affirming, as we are compelled by law to do, a factual determination of the board.

In sum the instant record clearly indicates that while the street on which the accident occurred was unpaved and unmarked it was a city street and was used by others besides the employer. Additionally, while the record reveals that the employer stored materials and equipment in the street and on occasions had leveled the street in front of its premises, there is no indication that any property or act of the employer contributed to the accident or that the employer was under any duty to remove ice and snow from this public street. On this state of the record there was substantial evidence to support the board's determination that the accident did not arise from a risk incidental to employment and their decision should be affirmed.

BERGAN, P. J., GIBSON and TAYLOR, JJ., concur with HERLIHY, J.; REYNOLDS, J., dissents, in an opinion, and votes to affirm.

Decision of the Workmen's Compensation Board reversed and matter remitted for its further consideration, with costs to the claimant-appellant.