(No. 40485.—

ADELINE BROWNE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RAM TOOL CORPORATION, Appellee.)

*Opinion filed September 29, 1967.*

LEWIS P. GAINES, of Chicago, for appellant.

ANGERSTEIN & ANGERSTEIN, of Chicago, (OSCAR P. CHIAPPORI and SIDNEY Z. KARASIK, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County affirming a dismissal of the employee's claim by the Industrial Commission.

The claimant was walking to the plant of her employer just prior to her shift which began at seven o'clock in the morning. It was snowing and the streets were icy and slippery. The employer maintained a parking lot just to the west of its plant which was separated from the public sidewalk by a fence. Entrance to the parking lot was by a driveway across the sidewalk, which driveway was a short distance west of the plant entrance. When claimant reached a point where the driveway intersected the sidewalk, she slipped on the ice and was injured when she fell.

While the application alleged that claimant was injured on the parking lot, the record discloses that she was, as usual, walking from her home to the plant, that she had no occasion to be on the parking lot nor was she on the parking lot at all, but she was on the public sidewalk and had not reached the plant entrance.

The rule is that injuries sustained by an employee while going to or returning from the employer's place of business do not arise out of or in the course of employment and hence are not compensable. (*Moore v. Industrial Com.*, 35 Ill.2d 347; *Sjostram v. Sproule*, 33 Ill.2d 40; *Benjamin H. Sanborn Co. v. Industrial Com.*, 405 Ill. 50). As was noted in a similar case, (*Northwestern University v. Industrial Com.*, 409 Ill. 216, 218,) where the employee was walking to work on a narrow strip between the sidewalk and the employer's fence, "There was no requirement upon the part of the employer as to his manner of reaching his place of work [other than his starting time] * * *. No part of his work was to be performed in the public street." 409 Ill. at 218.

We find no error in the finding of the Commission that claimant failed to prove she sustained injuries arising out

of and in the course of her employment and the judgment of the trial court affirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*