(No. 40614.— )

Mabel Williams, d/b/a Barney's Food Market, Appellee, *vs.* The Industrial Commission *et al.*—(Joseph T. Preston, Appellant.)

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

Elmo E. Koos, of Peoria, for appellant.

McConnell, Kennedy, McConnell & Morris, of Peoria, for appellee.

Mr. Justice Underwood delivered the opinion of the court:

Joseph T. Preston filed an application for adjustment of claim against Mabel Williams, proprietress of Barney's Food Market in Chillicothe, seeking compensation for injuries sustained when he fell while at work. The arbitrator's decision that Preston failed to prove his accidental injuries arose out of and in the course of employment was reversed by the Industrial Commission, which awarded the claimant $2,333.75 for medical and hospital expenses, 64 weeks temporary total disability and 50% loss of use of the left foot. The circuit court of Peoria County reversed the Commission, and Preston appeals to this court.

On September 5, 1962, claimant was employed as a butcher at Barney's Food Market. At approximately 8:00 A.M. that morning, as he customarily did, he was standing behind the meat counter in the store drinking a cup of coffee and eating a doughnut. On this particular occasion, he choked on the doughnut. When this happened, he turned around and started to walk towards a waste box, which was about three to four steps behind him, hoping to spit up the piece of doughnut into the box. On the way to the box he "blacked out" and fell, sustaining the injuries for which he seeks compensation.

Preston's working day began at 7:00 A.M. He was given an hour for lunch, from 1:00 P.M. to 2:00 P.M., but no other formal "breaks". He was consequently allowed to have coffee and doughnuts at any time during the day. Mrs.

Williams supplied the coffee, but she, claimant and another employee took turns buying the doughnuts, which were taken out of the regular stock of the store. Preston purchased the particular doughnut on which he choked.

The question for our determination is whether the Industrial Commission could properly find that claimant's injuries arose out of his employment. The standards which guide our judgment are well established. Since the facts are not in dispute, the question is one of law, and the Commission's decision is in no way binding upon us. (*Inland Steel Co.* v. *Industrial Com.*, 18 Ill.2d 70, 77; *Hydro-Line Mfg. Co.* v. *Industrial Com.*, 15 Ill.2d 156, 158.) "That an employee is at his place of work when an injury or other disabling event occurs does not, standing alone, justify recovery. There must be a further showing that the disablement was due to a cause connected with the employment rather than one which is unrelated to it. (*Rysdon Products Co.* v. *Industrial Com.*, 34 Ill.2d 326.) The fact that an injury arose out of the employment need not be proved by direct evidence. It may be established as well by circumstantial evidence leading to a logical and reasonable inference that the injury originated in a risk of the employment. (*Siete* v. *Industrial Com.*, 24 Ill.2d 368.)" *Schroeder Iron Works* v. *Industrial Com.*, 36 Ill.2d 519, 522-23.

This case can be characterized as one involving an idiopathic fall (see Larson, Workmen's Compensation Law, sec. 12.11) onto a level floor. Our court, along with a distinct majority of jurisdictions, denies compensation in such cases, as employment does not significantly increase the danger of falling or risk of injury, which consequently must be considered personal. (*Electro-Motive Division, General Motors Corp.* v. *Industrial Com.*, 25 Ill.2d 467; *Prince* v. *Industrial Com.*, 15 Ill.2d 607; Larson, sec. 12.14 and cases therein cited. See also *Schroeder.*) So characterized, this case must be distinguished from a situation in which the Industrial Commission could reasonably infer that some

condition of employment caused the fall (*Rysdon Products Co. v. Industrial Com.*, 34 Ill.2d 326) or one where it could likewise infer that the injury was sustained in connection with the operation of machinery on the job (*Siete v. Industrial Com.*, 24 Ill.2d 368). In these cases, employment increased the danger of falling or risk of injury as it does in cases involving idiopathic falls onto dangerous objects and from heights where it is well settled that compensation is allowable. Larson, sec. 12.12, 12.13.

In an effort to avoid application of the personal-risk rule, claimant argues that, from the evidence he presented, the Commission could reasonably have found that the taking of an early morning snack was reasonably necessary and incidental to his long period of work prior to lunch; that the break benefited the respondent, because if Preston were allowed to go elsewhere to eat, the respondent would either be understaffed or find it necessary to hire additional help; and that the risk of an occurrence such as that involved here, *i.e.*, choking on a doughnut and "blacking out", was increased because Preston was standing up and eating the doughnut. However, even if claimant is correct in these contentions, they are of no help, for there is nothing in the record to show that he was standing behind the meat counter while eating the doughnut for any reason other than his own personal preference. He admitted that he was not working at the time, and, although he was available to assist any customer who came up to the counter, there is no showing that respondent required him to make himself available in this manner while he snacked. Thus, the circuit court was correct in finding the Commission could not properly infer that claimant's injuries arose out of his employment.

The judgment of the circuit court of Peoria County reversing the Industrial Commission is affirmed.

*Judgment affirmed.*