(No. 43859.—

JOYCE K. OSBORN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Automatic Electric Company, Appellee.)

*Opinion filed November 30, 1971.—Rehearing denied Jan. 27, 1972.*

DREYER, FOOTE & STREIT, of Aurora, (THOMAS J. STREIT, of counsel,) for appellant.

RISSMAN, JENKINS & KLEIN, of DeKalb, (ROBERT C. JENKINS, of counsel,) for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Joyce K. Osborn claimed benefits under the Workmen's Compensation Act for injuries received while she

was employed at the Automatic Electric Company in Genoa, Illinois. Her claim was denied by the arbitrator who found that her injuries did not arise out of or in the course of her employment. The Industrial Commission affirmed the decision of the arbitrator and the circuit court of De Kalb County affirmed the order of the Commission. The claimant has appealed.

The facts are not disputed. On the day she was injured the claimant had parked her car in a parking lot owned by her employer, and had gone to work in the company factory across the public street from that lot. At 3:30 P.M. her work shift ended and she left the factory to go to her car. While she was crossing the street which separated the factory and parking lot with a number of her fellow employees she was struck by an automobile driven by one of her co-workers.

The question is whether these facts establish that the claimant suffered injuries arising out of and in the course of her employment. This question is one of law and the decision of the Commission is not binding upon this court. *Williams v. Industrial Com. (1967), 38 Ill.2d 593, 595.*

Injuries sustained by an employee while in a parking lot owned by his employer have been held compensable under the Act *(e.g. Hiram Walker & Sons, Inc. v. Industrial Com. (1968), 41 Ill.2d 429),* and injuries sustained by an employee while away from the job premises of his employer have been held compensable under the Act when the injuries occurred while the employee was acting under the direction of the employer of for his benefit or accommodation. See *Torbeck v. Industrial Com. (1971), 49 Ill.2d 515; C.A. Dunham Co. v. Industrial Com. (1959), 16 Ill.2d 102; Lybrand, Ross Bros. & Montgomery v. Industrial Com. (1967), 36 Ill.2d 410.*

In this case, the street where the injuries occurred was not under the control of the employer, nor was the claimant acting at the direction of her employer when she crossed the street, or for his benefit or accommodation. The

case thus comes within the general rule that injuries which occur to an employee while he is going to or coming from the place of his employment do not arise out of or in the course of his employment. See *Quarant v. Industrial Com. (1967), 38 Ill. 2d 490.*

The judgment of the circuit court of De Kalb Couty is affirmed.

*Judgment affirmed.*