(No. 48215.-

EDITH EISENBERG, a/k/a Edith Dunn, Appellant, v. THE INDUSTRIAL COMMISSION et al.—(The Cook County Department of Public Aid, Appellee.)

*Opinion filed November 24, 1976.*

Gordon, Brustin & Schaefer, Ltd., of Chicago (Robert E. Gordon and Gilbert W. Gordon, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney, and Leonard N. Foster, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The claimant, Edith Eisenberg, applied for a workmen's compensation award for injuries incurred when she was assaulted while walking to her car after work. The assault took place on a public sidewalk adjacent to the premises of her employer, the Cook County Department of Public Aid. The arbitrator disallowed the claim on the ground that her injuries did not arise out of and in the course of her employment. The ruling of the arbitrator was affirmed by the Industrial Commission, and the circuit court of Cook County confirmed that determination. The claimant has appealed under Rule 302(a). 58 Ill. 2d R. 302(a).

The claimant was employed as a supervising caseworker in an office of the Cook County Department of Public Aid, located at 3910 West Ogden Avenue in Chicago. When she arrived at work on the morning of December 22, 1969, she parked her car on a public street near the rear door of the office building, as she ordinarily did when she was unable to find a parking place in the employee lot at the front of the building. At the end of the working day she attempted to leave through the rear door but it was locked. She used the front door, and as she walked around the building to her car she was robbed and struck on the side of the face by two unknown young men. She sustained injuries that required surgery and missed five weeks of work.

It has consistently been held that when an employee incurs injuries at a place off the employer's premises while traveling to or from work, the injuries are not compensable unless the employee's presence at the place where the accident occurred was required in the performance of his duties. *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216; *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193.

The claimant emphasizes, however, that her employment in a dangerous neighborhood subjected her to a high risk of criminal attack. But injuries incurred off the employer's premises are compensable only when the

employee is "subject, by reason of his employment, to a hazard to which the public is not exposed, and to which he is exposed peculiarly and to a greater degree than the public." (*Christian v. Chicago & Illinois Midland Ry. Co.* (1952), 412 Ill. 171, 175; see also *Quarant v. Industrial Com.* (1967), 38 Ill. 2d 490, 491; *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150.) The claimant did not prove that her risk of being assaulted exceeded that of the general public, and indeed, she acknowledges that "[n] o case heretofore has gone so far as to extend the employer's premises to a public sidewalk outside the employer's door." We see no reason to make that extension in this case.

The decision of the Commission that the claimant did not prove that she had sustained accidental injuries arising out of and in the course of her employment is not contrary to the manifest weight of the evidence, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*