(No. 48327.— ▉▉▉▉▉▉▉▉▉▉

EDWARD J. DEAL, d/b/a Edward J. Deal Co., *et al.,* Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(Ray L. Holland, Appellee.)

*Opinion filed November 24, 1976.*

Perz and McGuire, of Chicago (Frank M. Perz and James C. Serkland, of counsel), for appellants.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Warren G. Petersen, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is a direct appeal under our Rule 302(a) (58 Ill. 2d R. 302(a)) by the respondent, Edward J. Deal, d/b/a Edward J. Deal Co., from a judgment of the circuit court of Cook County confirming the Industrial Commission's award of compensation to the claimant, Ray L. Holland, an employee of the Deal Co.

The claimant was the only witness to testify before the arbitrator. He testified that he was a certified public accountant employed in the respondent's income tax department. All of his duties were performed on the employer's premises, a store front office, which was located on Grove Avenue in Arlington Heights. There were only two ways to enter and leave the office, through the front door facing Grove Avenue and through the back door into an alley. The office's front door opened into the interior of the office, and immediately outside the doorway and abutting the building's front was a one-foot-wide cement apron which gradually inclined down to the adjacent public sidewalk.

On April 5, 1973, the claimant was leaving through the office's front door intending to cross the street to his

parked car and go to lunch. He testified that when one foot was on the cement apron and the other foot was descending to the public sidewalk he was struck on his right side by a bicycle traveling along the sidewalk. He fractured his right arm while attempting to break his fall onto the sidewalk.

There was no evidence presented concerning the ownership of the cement apron. At the conclusion of the hearing before the arbitrator the respondent's attorney requested a two-day continuance to allow him to present evidence concerning the ownership of the apron. This motion was denied, but on review before the Commission, no evidence as to ownership was offered.

The respondent first suggests that since the factual circumstances surrounding the accident are not in dispute, a question of law is presented and the decision of the Commission need not be considered. We cannot accept this contention. It is only where there is no factual dispute or no conflicting inferences that can be drawn from the facts that a question only of law is presented. (*Chicago Transit Authority v. Industrial Com.,* 61 Ill. 2d 78, 83.) We consider there may be conflicting inferences capable of being drawn here. Where the inferences drawn by the Commission can be said to be reasonable, this court will not discard the inferences drawn by the Commission simply because other inferences might have been drawn from the evidence. A court will not disturb a finding of the Commission unless the finding is contrary to the manifest weight of the evidence. *Warren v. Industrial Com.,* 61 Ill. 2d 373, 376.

Of course, an injury must arise out of and in the course of employment to be compensable. (*Bloom v. Industrial Com.,* 61 Ill. 2d 248, 250; *Warren v. Industrial Com.,* 61 Ill. 2d 373, 376.) Generally injuries sustained while the employee is going to or returning from his place of employment are held not to arise out of or in the course of employment. (*Warren v. Industrial Com.,* 61 Ill. 2d 373,

376; *Osborn v. Industrial Com.*, 50 Ill. 2d 150, 152.) But this court has consistently held that an injury accidentally received on the premises of the employer by an employee going to or from his actual employment by a customary or permitted way or path will be deemed to have arisen out of and in the course of employment. *M & M Parking Co. v. Industrial Com.*, 55 Ill. 2d 252, 257; *Northwestern Steel & Wire Co. v. Industrial Com.*, 38 Ill. 2d 441, 445; *Chmelik v. Vana*, 31 Ill. 2d 272, 279.

However, the respondent argues that the Commission could not properly find that the injury occurred on the respondent's premises since there was no evidence presented concerning the ownership of the apron on which the petitioner was standing when he was struck by the bicycle. This argument is not persuasive. Evidence of the actual ownership of the apron was not necessary for the Commission to hold in favor of the claimant. In *De Hoyos v. Industrial Com.*, 26 Ill. 2d 110, this court upheld an award to an employee who slipped and fell in a parking lot, although there was no evidence that the employer actually owned the lot. The evidence simply showed that the employer provided the parking lot for its employees and that the employees customarily used it. The court stated: "Whether or not the employer owned the parking lot is immaterial; for if the employer provides a parking lot which is customarily used by its employees, the employer is responsible for the maintenance and control of the parking lot." 26 Ill. 2d 110, 113.

Here the front door of the employer's office provided, as a practical matter, the only way by which employees could enter and leave their place of employment. In doing so they crossed the concrete apron. The record does not show if the respondent owned or leased the premises where its office was located, but under the evidence it was not unreasonable for the Commission to infer that the apron was under the control of the respondent and was a part of its premises. The Commission could have reason-

ably concluded that the injury occurred in the course of employment.

Another contention the respondent makes is that the injury did not arise out of the employment as, it claims, there was no causal connection between the employment and the claimant's being struck by the bicycle as he was in the act of leaving the employer's premises. The respondent says that such a risk of injury is common to the general public and, therefore, an injury resulting from such a risk is not compensable.

It is clear that if an employee, by reason of his employment, is exposed to a risk common to the general public to a greater degree than other persons the accidental injury arises out of his employment. (*Bartley v. Industrial Com.*, 45 Ill. 2d 374, 376; *Chmelik v. Vana*, 31 Ill. 2d 272, 278.) In this case, the only practical way for an employee to leave the respondent's premises was through the doorway which opened directly onto the sidewalk. Considering that employees leaving the office would be immediately exposed to the hazards of any type of traffic on the sidewalk, the Commission may have concluded that leaving by this doorway presented a situation involving a greater degree of risk of injury than that to which the general public was exposed. We cannot say that as a matter of law such an inference was unreasonable or that the finding of the Industrial Commission was contrary to the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*