(No. 51486.—

ANN YOST, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Bekins Van Lines, Appellee).

*Opinion filed September 19, 1979.*

Scheele, Murphy & Serkland, Ltd., of La Grange (A. G. Scheele and James C. Serkland, of counsel), for appellant.

Dowd, Dowd & Dowd, Ltd., of Chicago (Joseph V. Dowd and Philip J. McGuire, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Claimant, Ann Yost, filed an application for adjustment of claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), seeking compensation from her employer, Bekins Van Lines. The arbitrator found that the claimant's accident of November 5, 1975, did not arise out of and in the course of her employment. The Industrial Commission affirmed, and the circuit court of Cook County confirmed the Commission's decision. Here, the claimant contends that her injury, sustained during an authorized coffee break, must be held, as a matter of law, to have arisen out of and in the course of her employment.

The facts are not in dispute: claimant was the only witness to testify in the hearing before the arbitrator. She related that, on November 5, 1975, she was employed by Bekins Van Lines as a clerk typist in the safety department. During the morning, the claimant purchased a tin of candy from a fellow employee who was selling it on the premises as part of a Boy Scout charity drive. The employer, by custom and practice, had allowed employees to solicit for charity on the premises. At about 2:45 p.m., the claimant took the candy with her on her afternoon coffee break. In the lunchroom provided by the employer, she began to open the candy tin with the key attached to it. When the key slipped off the tin, she tried to pry the lid open. In the process, the lid lacerated her right thumb and hand.

In an effort to embellish this appeal with a question of law, the claimant contends that injuries resulting from reasonable conduct during an authorized coffee break are compensable as a matter of law. This position discounts the clear possibility that the Commission concluded that the claimant's attempt to pry open the lid of the candy tin

was not reasonable conduct. We may not disregard the decision of the Commission merely because the facts here are undisputed. It is well within the province of the Commission to draw inferences from undisputed facts to determine whether injury resulted from conduct which unreasonably or unnecessarily increased the risks of injury which attend such employment. (*Jewel Companies, Inc. v. Industrial Com.* (1974), 57 Ill. 2d 38, 43; *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 275.) When the Commission's decision is based upon such permissible inferences, we will disturb it only if it is against the manifest weight of the evidence. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430-31.

The claimant counters that even if her injury resulted from unreasonable conduct, it is compensable because the employer had knowledge of or acquiesced in such charitable solicitations. The critical flaw in this position is that it was not the claimant's purchase of the charitable item that caused her injury or that constituted the unreasonable conduct. Certainly, the claimant's attempt to pry open the lid of the candy tin was not the inevitable consequence of permitting charitable solicitations on the premises. Based on the evidence before it, the Commission could reasonably have inferred that the claimant, by choosing to pry open the candy tin, voluntarily undertook the risk of laceration, a risk with which the employer had no connection.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*