(No. 51709

KEVIN CUNNINGHAM, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Poolcare, Ltd., Appellee).

*Opinion filed January 23, 1980.*

E. T. Cunningham, of Chicago (Donna J. Cunningham, law student, of counsel), for appellant.

Sweeney and Riman, Ltd., of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Kevin Cunningham, filed an application for adjustment of claim with the Industrial Commission

alleging that he was injured while in the employ of respondent, Poolcare, Ltd. An arbitrator for the Industrial Commission found that claimant had failed to prove that he sustained accidental injuries which arose out of and in the course of his employment and denied compensation. On review the arbitrator's decision was affirmed by the Industrial Commission and on *certiorari* the decision of the Commission was confirmed by the circuit court of Cook County. Petitioner appealed. 73 Ill. 2d R. 302(a).

Petitioner was employed by respondent as a laborer, and was using a wheelbarrow to haul broken concrete from a pool deck to a van. This required that he load the wheelbarrow, push it approximately 100 feet up a slight incline, and unload it into the van. Petitioner had made several such trips that morning, and on one occasion the wheelbarrow had tipped, spilling its contents. Immediately prior to the time of the occurrence out of which the injury arose, the wheelbarrow tipped again, spilling its contents. Petitioner testified: "I got mad at myself, went over and hit the door of the van." On cross-examination petitioner stated that the distance from the place where the wheelbarrow had "spilled" to the van, was three or four steps or 10 or 15 feet. As a result of striking the van, the fifth metacarpal bone of his right hand was fractured.

Petitioner contends that the injury suffered when, in a burst of anger and frustration resulting from a condition of the employment, he struck the van was an accidental injury which arose out of and in the course of his employment. Respondent concedes petitioner's injury was sustained in the course of his employment, but contends that it was not accidental and did not arise out of the employment.

Simply stated, petitioner's argument is that the undisputed evidence shows that he was entitled to an award of compensation as a matter of law. Citing *Harper v. Industrial Com.* (1962), 24 Ill. 2d 103, he contends that

striking the vehicle to relieve his frustration resulted in an accidental injury which arose out of his employment. In *Harper,* it was held that a suicide was caused by pain resulting from a work-related injury. That case is clearly distinguishable in that there was no question that the injury arose out of and in the course of the deceased's employment and there was ample evidence that the suicide was the result of the suffering which followed the injury. Apposite here is our statement that "We may not disregard the decision of the Commission merely because the facts here are undisputed. It is well within the province of the Commission to draw inferences from undisputed facts to determine whether injury resulted from conduct which unreasonably or unnecessarily increased the risks of injury which attend such employment. (*Jewel Companies, Inc. v. Industrial Com.* (1974), 57 Ill. 2d 38, 43; *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 275.) When the Commission's decision is based upon such permissible inferences, we will disturb it only if it is against the manifest weight of the evidence. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430-31." *Yost v. Industrial Com.* (1979), 76 Ill. 2d 548, 551.

We conclude that the evidence supports the inference apparently drawn by the Industrial Commission, and the judgment is affirmed.

*Judgment affirmed.*