(No. 52795.-

TERRY WARNER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Pelco Structures, Inc., Appellee).

*Opinion filed September 29, 1980.—Rehearing denied November 26, 1980.*

Harvey & Stuckel, Chartered, of Peoria (R. Wayne Harvey, of counsel), for appellant.

McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria (Murvel Pretorius, Jr., of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Terry Warner, sustained accidental injuries arising out of and in the course of his employment by respondent, Pelco Structures, Inc., and awarded compensation for a period of temporary total disability and medical expenses. On review the Industrial Commission found that petitioner had failed to prove that he sustained such accidental injuries and set aside the award. On *certiorari* the circuit court of Peoria County confirmed and petitioner appealed. 73 Ill. 2d R. 302(a).

The testimony shows that petitioner was employed as a laborer by respondent at the construction site of the Caterpillar Tractor Company foundry in Mapleton. The construction site was on the east side of Kingston River Terminal Road, a two-lane blacktop road which provided the only access to the construction area from U.S. Route 24. During the day, construction workers parked their vehicles along the shoulder on the west side of the road.

At the time of the accident petitioner had left his place of employment at the end of his shift and was attempting to cross to the west side of Kingston River Terminal Road, where the automobile of a coworker with whom he was riding that day was parked. He was struck by a northbound automobile traveling in the westerly lane. The road was owned by Hollis Township of Peoria County, but title was ultimately to pass to Caterpillar Tractor. The public road was then to be relocated to a point southwest of its present location. There was testimony that, although no agreement existed with the township, employees of the general contractor occasionally scraped and watered the road, apparently to reduce

the accumulation of dust caused by the movement of construction equipment. Petitioner frequently crossed the road to transport materials to a dumping or storage area maintained by the general contractor on the west side of the road. It appears from the testimony that the road was open to public travel at all times.

As a general rule, injuries sustained by an employee while going to or coming from his place of employment have been held not to arise out of and in the course of employment. *Hess v. Industrial Com.* (1980), 79 Ill. 2d 240; *Reed v. Industrial Com.* (1976), 63 Ill. 2d 247.

It is petitioner's contention that the general rule does not apply here for the reason that the road was used, controlled and maintained by the general contractor and that it was an essential part of the construction site. Citing *Schafer v. Industrial Com.* (1931), 343 Ill. 573, and *Christian v. Chicago & Illinois Midland Ry. Co.* (1952), 412 Ill. 171, he argues that the road provided the only means of access to the construction site, that the area in which employees parked was a reasonable place to park, that parking there was necessitated by the nature of the employment, and that petitioner, while on the roadway, was exposed to risks to which the general public was not exposed. He argues that the only distinction that can be drawn between this case and *Schafer v. Industrial Com.* (1931), 343 Ill. 573, is that the road here was owned by the township, while the road in *Schafer* was owned by a hospital. He argues, too, that since the facts are not in dispute the question is one of law and on review the decision of the Commission is not binding on the courts.

Concerning petitioner's argument that the decision of the Industrial Commission is not binding because the facts are undisputed, we find apposite our statement that "We may not disregard the decision of the Commission merely because the facts here are undisputed. It is well within the province of the Commission to draw inferences

from undisputed facts to determine whether injury resulted from conduct which unreasonably or unnecessarily increased the risks of injury which attend such employment. (*Jewel Companies, Inc. v. Industrial Com.* (1974), 57 Ill. 2d 38, 43; *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 275.) When the Commission's decision is based upon such permissible inferences, we will disturb it only if it is against the manifest weight of the evidence. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430-31." (*Yost v. Industrial Com.* (1979), 76 Ill. 2d 548, 551.) *Schafer v. Industrial Com.* does not support petitioner's contention, for the reason that in that case the court affirmed the finding of the Commission in favor of the petitioner. *Christian* relied on *Schafer,* and its holding that the plaintiffs' decedents were not at the time of their deaths covered by the provisions of the Workmen's Compensation Act is consistent with the decision of the Commission here.

The decision of the Industrial Commission is not contrary to the manifest weight of the evidence, and the judgment is affirmed.

*Judgment affirmed.*