(No. 52920.—)

JANE BOMMARITO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Bressmer's, Appellee).

*Opinion filed October 17, 1980.*

RYAN and UNDERWOOD, JJ., dissenting.

Robert Weiner and Terry L. Fields, of Springfield, for appellant.

W. J. Simhauser, of Heckenkamp & Simhauser, P.C., of Springfield, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The claimant, Jane Bommarito, applied for workmen's compensation benefits as a result of injuries sustained when, on her way to work, she fell in an alleyway behind the respondent's store. The arbitrator awarded compensation. The Industrial Commission did not hear any additional testimony. It did admit a notice of injury given to the city of Springfield. The Commission then reversed the arbitrator, and the circuit court of Sangamon County confirmed the Commission. The claimant has appealed pursuant to Rule 302(a). 73 Ill. 2d R. 302(a).

The claimant was employed by the respondent, Bressmer's store, in Springfield on August 13, 1976. She had parked her car in a lot on 7th Street and proceeded to walk down one of the four entrances to the two alleyways which led to the rear door of Bressmer's store. A memorandum issued by the store's management, and admitted into evidence in this case, states that all employees were

required to enter and exit the store through the rear door. Testimony of the claimant and several employees, including a store manager, is to the same effect. As the claimant came within eight feet of the rear door, she stepped into a hole in the alley and fell, fracturing her left elbow and spraining her right ankle and right wrist.

The question is whether these undisputed facts establish that the claimant suffered injuries arising out of and in the course of her employment. This question is one of law and the decision of the Commission is not binding upon this court. *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151; *Williams v. Industrial Com.* (1967), 38 Ill. 2d 593, 595.

The claimant argues initially that one-half of the alleyway is owned by the respondent. There is no indication of such ownership in the record; thus, we are unable to assume, without some evidence, that the alleyway belongs to the respondent. Therefore, the claimant's injury must be deemed to have occurred off the respondent's premises.

The rule is clear and well established that when an employee incurs injuries at a place off the employer's premises while traveling to and from work, the injuries are not compensable unless the employee's presence at the place where the accident occurred was required in the performance of his duties. (*Eisenberg v. Industrial Com.* (1976), 65 Ill. 2d 232, 233; *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, 220; *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193, 194.) Further, injuries incurred off the employer's premises are compensable only when the employee "is exposed to a risk common to the general public to a greater degree than other persons." (*Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239; *Bartley v. Industrial Com.* (1970), 45 Ill. 2d 374, 376; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278.) "Moreover, if the risk or hazard is so increased by the employment, it does not matter that the injury is unusual,

or unexpected, or that it is not peculiar to the employment." *C. A. Dunham Co. v. Industrial Com.* (1959), 16 Ill. 2d 102, 105; *Jefferson Ice Co. v. Industrial Com.* (1949), 404 Ill. 290, 295; *City of Chicago v. Industrial Com.* (1945), 389 Ill. 592, 600.

Professor Larson has stated that where an injury took place in an area which is the sole or usual route to the employer's premises, *and* the route is attendant with a special risk or hazard, the hazard becomes part of the employment. Special hazards or risks encountered as a result of using a certain access route satisfy the "arising out of" requirement, whereas the employer's requirement that the employee use the route fulfills the "in the course of" element. Thus, any injuries encountered when both of the elements are met are compensable. (See 1 A. Larson, Workmen's Compensation sec. 15.13, at 4—18 to 4—34 (1978).) The United States Supreme Court has taken the same position. In *Cudahy Packing Co. v. Parramore* (1923), 263 U.S. 418, 68 L. Ed. 366, 44 S. Ct. 153, a stationary engineer was struck and killed by a train while crossing tracks which intersected the only access route to the employer's plant. The court stated: "The fact that the accident happens upon a public road or at a railroad crossing and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of such causal relationship, if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree." (263 U.S. 418, 424, 68 L. Ed. 366, 369, 44 S. Ct. 153, 154.) The court went on to conclude that since the hazardous route over which the employee was forced to travel to get to work was a "necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected" (263 U.S. 418, 426, 68 L. Ed. 366; 370, 44 S. Ct. 153, 155), a necessary causal

relation between the employment and the accident saved the Utah statute in question from a successful due process attack. The original award of compensation to the employee's widow was allowed to stand.

In the instant case it is not disputed that the employees were required to enter and exit the rear door of the store only. The stated purpose of the requirement was to permit the store's security guards to observe the employees in an effort to prevent theft.

It is not material that there are four entrances to the two alleyways leading to the rear door. Since the claimant was within eight feet of the rear door, she was in the area where the alleyways converge. Moreover, she testified that she could only park on 7th Street, making the entrance to the alley from that street her only practical means of access.

The claimant's undisputed testimony was that on the morning of her accident the alleyway was crowded with trucks "getting ready for a big sale at the time." She also testified that the alley was filled with debris. The claimant stated that she walked around a truck and tried to avoid walking into a car parked diagonally in the alley. It was as she walked around that car that she fell into the hole. William Sartain, the respondent's operations manager, testified that the respondent's warehouse was across the alley from the store. He further said that the trucks in the alley on the morning of August 13, 1976, were delivering merchandise to the warehouse for the respondent.

This case thus does not present a situation where a claimant freely chooses to use a certain route and is injured in doing so. (See *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, 221.) Instead the claimant was directed to enter through one door for the convenience of the respondent and, considering the hazardous and congested condition of the alley, to the substantial detriment of the employees. Injuries sustained

off the employer's premises have been held compensable when the injuries occurred while the employee was acting under the direction of the employer or for his benefit or accommodation. (*Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151.) We think the special risks or hazards encountered by the claimant, as a result of the respondent's order to enter through the rear door only, must be deemed to arise out of her employment. Moreover, the claimant's obedience to that order operates to place the claimant's consequent injuries within the course of her employment. If she had not obeyed the order, she could not have gained admittance to her place of employment. Accord, *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239; 1 A. Larson, Workmen's Compensation sec. 15.13, at 4—24 to 4—25 (1978); *Brienza v. Le Chase Construction Corp.* (1962), 17 App. Div. 2d 83, 85, 230 N.Y.S.2d 362, 363.

In *Deal* this court affirmed the Commission's award granted when the claimant suffered a fractured right arm after he was struck by a bicyclist as the claimant exited the employer's premises. At the time he was struck the claimant had one foot on a concrete apron which was under the control of the employer but as to which no evidence of ownership was admitted. This court stated:

"In this case, the only practical way for an employee to leave the respondent's premises was through the doorway which opened directly onto the sidewalk. Considering that employees leaving the office would be immediately exposed to the hazards of any type of traffic on the sidewalk, the Commission may have concluded that leaving by this doorway presented a situation involving a greater degree of risk of injury than that to which the general public was exposed. We cannot say that as a matter of law such an inference was unreasonable or that the finding of the Industrial Commis-

sion was contrary to the manifest weight of the evidence." (65 Ill. 2d 234, 239.)

The respondent herein has created a situation whereby the claimant was forced to dodge traffic and debris in order to gain admission to her place of work. The respondent cannot seriously expect to disclaim responsibility for the claimant's injuries simply because the claimant was unable to traverse this obstacle course successfully.

Accordingly, for the reasons stated, the judgment of the circuit court is reversed and the cause is remanded to the Industrial Commission with directions to reinstate the award of the arbitrator.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE RYAN, dissenting:

I find it impossible to distinguish this case from *Warner v. Industrial Com.* (1980), 82 Ill. 2d 188, decided by this court at this term, in which we reached a contrary result.

In *Warner,* the employee, a construction worker, had left his place of employment and was on his way to an automobile in which he was going to ride home. As he was crossing a public road, he was struck by an automobile. The employee in *Warner,* as in our case, contended that the general rule excluding compensation for injuries incurred while going to or coming from the place of employment should not apply because the road provided the only means of access to his place of employment, the construction site, and that while on the road he was exposed to risks to which the general public was not exposed. In *Warner* the employee argued, as the majority held in our case, that the decision of the Industrial Commission was not binding because the facts were undisputed, making the question one of law. However, in *Warner* we held, quoting from *Yost v. Industrial Com.* (1979), 76 Ill. 2d 548:

" 'We may not disregard the decision of the Commission merely because the facts here are undisputed. It is well within the province of the Commission to draw inferences from undisputed facts to determine whether injury resulted from conduct which unreasonably or unnecessarily increased the risks of injury which attend such employment. [Citations.] When the Commission's decision is based upon such permissible inferences, we will disturb it only if it is against the manifest weight of the evidence.' (*Yost v. Industrial Com.* (1979), 76 Ill. 2d 548, 551.)" (*Warner v. Industrial Com.* (1980), 82 Ill. 2d 188, 190-91.

The majority in our case, however, states:

"The question is one of law and the decision of the Commission is not binding upon this court." 82 Ill. 2d at 194.

It is interesting to note that in our case, unlike the employee in *Warner,* the employee never argued that the undisputed facts created a question of law. In fact, the employee treated the issue as a question of fact and relied on the finding of the arbitrator in her favor instead of the finding of the Commission and requested that the finding of the arbitrator be reinstated. The employer, in its brief, likewise never addressed the issue of whether the question was one of law. Nevertheless, the majority, *sua sponte,* without attempting to distinguish *Warner,* held that the "question is one of law and that the decision of the Commission is not binding upon this court." The cases cited in the opinion do not support its holding. *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, is relied upon by the majority in support of its position that injuries incurred off the premises are compensable when the employee is exposed to a risk common to the general public to a degree greater than other persons. However, in *Deal,* the Commission had found for the employee and this court was upholding the decision of the Commission,

not reversing it as in our case. In doing so, this court stated:

"[T]he Commission may have concluded that leaving by this doorway presented a situation involving a greater degree of risk of injury than that to which the general public was exposed. We cannot say that *as a matter of law* such an inference was unreasonable or that the finding of the Industrial Commission was contrary to the manifest weight of the evidence." (Emphasis added.) *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239.

The majority also relies on *Eisenberg v. Industrial Com.* (1976), 65 Ill. 2d 232, *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193, and *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, in support of its position that the noncompensability rule does not apply if the employee's presence at the place where the accident occurred was required in the performance of his duties. However, in those three cases, as in *Deal* and *Warner,* the question was held to be one of fact and this court, in denying compensation, affirmed the holdings of the Industrial Commission.

Also cited by the majority is *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, and *Williams v. Industrial Com.* (1967), 38 Ill. 2d 593. In *Osborn* a woman employee was struck by an automobile while crossing a public street on her way from her place of employment to a parking lot. This court noted that it was undisputed that the street where the injury occurred was not under the control of the employee, nor was the employee acting at the direction of her employer, or for its benefit or accomodation. The question was thus held to be one of law. There was no evidence from which inferences could be drawn that would make the general rule of noncompensability inapplicable.

In *Williams* the employee was eating a doughnut and drinking coffee while at work. He choked on the doughnut, blacked out, fell and injured himself in the fall. The court characterized the case as an idiopathic fall, a type of case which the courts have held would not warrant compensation. This court distinguished this type of a case from one in which the Industrial Commission could reasonably infer that a condition of the employment caused the fall. These cases do not support the holding of the majority opinion. We do not have in our case the type of a situation which automatically entitles the injured employee to recovery. In fact, the well-defined rule of law with regard to off-premises injuries is to the contrary. To bring such injuries under the compensation act there must be evidence from which the Commission can find that the employee, by virtue of his employment, was exposed to a greater risk than was the general public. This was a question of fact. There is no undisputed testimony that would preclude the drawing of inferences by the Industrial Commission. For instance, there is no undisputed evidence, assuming the admissibility of such evidence, that the employees using the alley were exposed to greater dangers because of their employment than was the public in general. It was permissible for the Industrial Commission to draw or not to draw such an inference from the evidence that was presented. The question was purely one of fact as set forth in the above cases.

With regard to the special hazard to which the employee in our case was subjected, the opinion cites Professor Larson in support of its holding. That treatise discusses the special-hazard exception to the general rule of noncompensability of off-premises injuries. (1 A. Larson, Workmen's Compensation sec. 15.13, at 4–18 to 4–34 (1978).) However, Larson states:

"But it was never the intention behind this exception to

mark out an off-premises area, merely because it is a normal access route, and then invest it with all the characteristics of the premises for course of employment purposes. Suppose, for example, that a particular road, alley or sidewalk could meet the test of being the sole or normal access route to the plant. Suppose also that two railway tracks ran across that route near the plant gate. Now assume that the employee suffered an unexplained fall, under circumstances that would have rendered it compensable under the decisions of the jurisdiction if it had happened during active employment. Would it be held compensable? It would not, although injury from being struck down by a railway engine would be. The extended course of employment based upon a special hazard in the access route is valid *only for that hazard.*" (Emphasis in original.) (Footnotes omitted.) (1 A. Larson, Workmen's Compensation sec. 15.13, at 4—23 to 4—24 (1978).)

The majority opinion defines no special hazard. Was it the hole in the pavement, the congestion, or is it that the alley is more dangerous than the street in front of the store? This the claimant must prove. Larson continues:

"The point here is merely that the question of special hazard should not be ignored, and awards should not be made solely on a showing that an injury took place in an area which was the sole or usual route to the plant. Thus, compensation has been denied when the injury took place in an alley, although all employees were required to use the back alley entrance to the restaurant, since the alley was no more dangerous than the street in front." (Footnotes omitted.) (1 A. Larson, Workmen's Compensation sec. 15.13, at 4—24 to 4—25 (1978).)

Thus, in our case the mere fact that the employee fell and was injured in an alley she was compelled to use as a means of ingress and egress from the employer's place of business is not controlling. To come within the special-hazard exception the employee must prove that she was subjected to a hazard to which the general public was not exposed or to which she was exposed peculiarily and to a greater degree than the public. (*Deal v. Industrial Com.* (1976),

65 Ill. 2d 234, 239.) As noted above, the congestion in the alley and the hole in the pavement may have been facts from which the Industrial Commission could have drawn the inference that the employee was exposed to hazards to which the general public was not exposed, or at least to a greater degree, but the Commission did not so find. It could have drawn, and apparently did draw, a contrary inference, or it may simply have found that the employee had not proved to its satisfaction that she was exposed to a greater risk of harm. This was purely a question of fact to be determined by the Industrial Commission, as we held in *Warner*, which this court should not disturb unless the finding is against the manifest weight of the evidence. Simply because we, as a court which, if sitting as a trier of fact, may have decided otherwise is no justification for substituting our opinion as to who should prevail for that of the trier of fact. I would affirm the circuit court of Sangamon County.

MR. JUSTICE UNDERWOOD joins in this dissent.