(No. 40701.—

ALLENE B. QUARANT, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(POPE COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 1, Appellee.)

*Opinion filed November 30, 1967.*

J. D. QUARANT, of Elizabethtown, for appellant.

JAMES V. GALLEN, and EVANS AND DIXON, both of St. Louis, Missouri, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Allene B. Quarant, a school teacher, filed an application for adjustment of claim under the Workmen's Compensation Act. The Industrial Commission found the injuries did not arise out of and in the course of her employment and denied compensation. The circuit court of Pope County

affirmed the decision, and claimant appeals further to this court.

The claimant was employed to teach at the high school of Pope County Community Unit School District No. 1. The injuries in question were sustained in an automobile accident which occurred as she was driving to work. It appears that on Friday, January 13, 1961, at about eight o'clock in the morning she had taken her 10-year-old son to school at the grade school in Golconda and was proceeding west on Highway No. 146 on her way to respondent's high school about a mile away. She started to pass a car, which was being driven by one of the high school students, when it suddenly swerved across the center line and into the one she was driving. She was alone in the car with a grade book and examination papers she had prepared at home the previous evening, for examinations to be given that morning.

Claimant contends the injuries arose out of her employment because the accident occurred during the "rush hour", in which the congested traffic conditions were caused in large part by the district's school buses and other vehicles carrying school personnel and students, and because the highway was the only one leading to the school premises. We cannot accept the argument. The hazard created by traffic conditions was one to which the general public was exposed in as large a degree as was the claimant. At the time of the accident she was not subjected to any greater risk than were other members of the public passing along the highway. Nor was she performing any of the duties of her employment. It is not sufficient to establish merely that she would not have been at that place but for her job. (*Christian* v. *Chicago & Illinois Midland Railway Co.,* 412 Ill. 171.) The general rule is that accidents which occur while an employee is going to or from his employment do not arise out of or in the course of his employment. (*Thomas Reed & Son* v. *Industrial Com.,* 36 Ill.2d 612.)

It is true, the fact that an accident happens on a public highway, the danger being one to which the general public is also exposed, does not conclusively preclude the granting of compensation. But before the injury can be said to arise out of the employment the danger must be one to which the employee, by reason of and in connection with his employment, was subjected peculiarly or to an abnormal degree. The test is whether he was at a place where by reason of his employment he was required to be, or whether he was subjected by reason of his employment to a hazard peculiarly or to a greater degree than the public. (*Payne & Dolan v. Industrial Com.*, 382 Ill. 177.) In the case at bar the claimant was not required by her employment to be at the place where the accident happened, nor was she subjected to the danger of such accidents any more than were the other people using the highway. No facts have been shown here to take the case out of the general rule.

The claimant argues further that she was in the course of her employment because she had school materials in her possession and because her duties required her to observe and report injuries involving pupils in her charge. There is no merit in the contention. Neither the papers she was carrying nor the fact that the driver of the other car was a high school pupil had anything to do with the source of the injury, which was one which might equally have happened to any member of the public who might have been driving at that time and place. Even if it were shown that claimant was in the course of her employment that fact would not be sufficient to make the injuries compensable. It was also incumbent upon her to prove they arose out of her employment; that is, the accident must be shown to have resulted from a risk incidental to the employment. *Klug* v. *Industrial Com.*, 381 Ill. 608.

In *Board of Education* v. *Industrial Com.*, 392 Ill. 261, 266, a school teacher was injured when she slipped and fell on an icy street while going to work. The injury was held

not compensable even though she was carrying with her various school supplies. After pointing out that the injury was such as might happen to any member of the public who was attempting to cross the particular spot at that time, we observed: "Miss Gullett was left entirely to her own choice as to the route she selected in going from her home to the school and as to the number of packages she would carry. The school board did not exercise any supervision or control over the method or manner of her going to and from her home to the school."

In Klug v. Industrial Com., 381 Ill. 608, 612, an assistant school librarian came to work after the noon hour and parked her car in front of the school on a public street. She injured her eye when she pulled open a defective car door to close the window. In holding the injury noncompensable we noted that the risk in which the accident had its origin was not connected with her employment in any manner and that the accident did not arise out of the employment. We observed that "There must be some causal relation between the employment and the injury, and the causative danger must be peculiar to the work and not common to the neighborhood. * * * It is not enough that the presence of the injured person at the place he was injured was due to his employment, if the injury is sustained by reason of some cause having no relation to the nature of the employment."

The Klug and Board of Education cases are not distinguishable in any material respect from the case at bar, and a similar conclusion must follow here. The judgment of the circuit court is correct and is affirmed.

*Judgment affirmed.*