(No. 52607.— ▮▮▮▮▮▮▮▮▮▮)

HARMON A. HESS, Jr., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Keystone Steel & Wire Co., Appellee).

*Opinion filed March 21, 1980.*

Lindholm & Williamson (Nile J. Williamson, of counsel), for appellant.

Jeffrey B. Rock, of Swain, Johnson & Gard, of Peoria, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Claimant, Harmon Hess, was awarded compensation benefits by an arbitrator. The Industrial Commission set aside the award, finding that the site of claimant's accident was not under the control of respondent and, therefore, that claimant had failed to prove that his injuries arose out of and in the course of his employment. The circuit court of Peoria County affirmed the Commission, and claimant appeals.

Claimant, an employee of respondent, parked his car in the company-owned lot. A public street separated the parking lot from respondent's plant. Claimant approached the street at the designated crosswalk and pushed the button to activate the traffic-control light installed to stop oncoming traffic. While walking within the crosswalk, claimant was struck by a vehicle which had disregarded the signal to stop.

Claimant admits that there is no evidence in the record to show that, at the time of the injury, he was under

respondent's direction or to show that the crosswalk was under respondent's control. He asserts, however, that there was sufficient evidence to show that the crosswalk was for the accommodation of employees of the respondent. We disagree. The evidence merely showed that other employees used the crosswalk.

In *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151-52, the claimant left her place of employment at the end of her shift to travel home. While crossing the street which separated the factory from the company-owned parking lot, she was struck by an automobile and injured. The court stated:

> "[T]he street where the injuries occurred was not under the control of the employer, nor was the claimant acting at the direction of her employer when she crossed the street, or for his benefit or accomodation. The case thus comes within the general rule that injuries which occur to an employee while he is going to or coming from the place of his employment do not arise out of or in the course of his employment."
> *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151-52.

See *Eisenberg v. Industrial Com.* (1976), 65 Ill. 2d 232, 233; *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193, 194.

We find the facts of the present case to be indistinguishable from the facts in *Osborn* and, therefore, affirm the judgment of the circuit court of Peoria County.

*Judgment affirmed.*