(No. 55900.—)

JANET DOYLE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Caterpillar Tractor Company, Appellee).

*Opinion filed January 24, 1983.—Rehearing denied April 8, 1983.*

James C. Serkland, of Scheele, Serkland & Boyle, Ltd., of Chicago, for appellant.

Robert F. Fahey, of Peoria, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that while employed by respondent, Caterpillar Tractor Company, decedent David Doyle suffered accidental injuries which caused his death. She awarded worker's compensation to petitioner, decedent's widow, for the benefit of the widow and their two children. On review the Industrial Commission reversed, finding that petitioner failed to prove that decedent's injuries arose out of and in the course of his employment by respondent. On *certiorari* the circuit court of Macon County confirmed the decision of the Industrial Commission, and petitioner appealed (87 Ill. 2d R. 302(a)).

Decedent worked as a welder at respondent's Decatur plant. At the end of his night shift he mounted his motorcycle and proceeded to the nearest exit from respondent's company-owned parking lot. The exit from respondent's plant forms the east portion of the intersection of 27th Street and Pershing Road. Both Pershing Road and 27th Street are four-lane divided streets; 27th Street runs north and south; Pershing Road runs east and west and ends at the intersection of 27th Street and Pershing Road. The intersection is controlled by automatic electric traffic signals owned and maintained by the city of Decatur. The signals controlling the exit-entrance to respondent's plant are on land owned by respondent. On the night of the accident the weather was clear and the pavement was dry. The intersection was well lighted and the traffic signals were all functioning properly. The roadways were free from

defects.

Decedent was the first in line in the left-turn lane. Next to him, in the center lane, was an automobile driven by Alfred Clark, a fellow employee. When the light turned green, decedent "got a good jump" with his motorcycle. He was "leaning into a left turn" when an automobile traveling northbound on 27th Street failed to stop for the red light and struck decedent. It threw him into Alfred Clark's automobile.

Petitioner introduced evidence concerning the design and construction of improvements in this intersection. William Sands, the public works director of the city of Decatur, testified that the city determined that public funds should be expended to widen 27th Street from two lanes to four lanes and to construct turn bays and ramps at the intersection of 27th Street and Pershing Road. The city and respondent held preliminary meetings to discuss respondent's involvement in these improvements. The city sought "input" from respondent concerning the proposed plans and asked that it donate 10 feet of land which it owned on the east side of 27th Street and pay for a portion of the improvements. Exhibit "A" to the Decatur ordinance approving the cost-sharing agreement between respondent and the city enumerates the portions of the improvements that were "to be paid for by Caterpillar," including improvements made on its property, left turn lanes leading into its plant, the northwest ramp of Pershing Road turning onto northbound 27th Street, and the turn signals which control traffic leading into the plant. Respondent paid approximately $108,000 of the total cost of the improvements of approximately $694,000. At respondent's request, the city agreed to use concrete light standards instead of wooden poles if respondent paid for the additional cost. Respondent had earlier used equipment manufactured at its plant to remove snow from 27th Street so that its employees could

get to work during heavy snowfalls. Respondent requested that after the improvements were completed it be permitted to continue snow-removal operations around the intersection. Respondent voluntarily mowed the grass median dividing the northbound and southbound lanes of 27th Street to help give the plant a better appearance.

The decision of the Industrial Commission on review included the following findings of fact and conclusions of law:

"1. Doyle was killed when he was hit by a car traveling on a public street. Doyle had finished his work at the time of his accident and was not engaged in any activity for his employer.

2. Petitioner was not required to exit by respondent into a dangerous area. There were two additional exits from respondent's plant in addition to the one through which Doyle exited. In addition, there was no showing that the intersection in which Doyle was killed was peculiarly dangerous. Doyle's employment exposed him to no greater risk of being struck by another vehicle on a public street than any other member of the public.

3. Based on the undisputed testimony, the actual maintenance and control of the intersection is the City of Decatur's responsibility. Although respondent voluntarily removed snow and mowed the median strip, respondent was under no obligation to do so. Although respondent did pay a share of the costs and was involved with the design of the intersection improvement, that was over 10 years ago and there is absolutely no testimony that the design of the intersection contributed to the accident or that the snow removal and mowing activities of respondent contributed to the accident."

Much of petitioner's argument is directed toward the many decisions of this court which, with reasonable consistency, have held that accidental injuries occurring on the premises while an employee is traveling to or from work are compensable, while injuries occurring off the premises of the employer are not. (*Butler Manufacturing Co. v. In-*

*dustrial Com.* (1981), 85 Ill. 2d 213, 216; *Hess v. Industrial Com.* (1980), 79 Ill. 2d 240, 242; *Eisenberg v. Industrial Com.* (1976), 65 Ill. 2d 232, 233; *Reed v. Industrial Com.* (1976), 63 Ill. 2d 247, 248-49; *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151; *Hiram Walker & Sons v. Industrial Com.* (1968), 41 Ill. 2d 429, 430; *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193, 194; *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, 221-22.) While it must be conceded that this distinction is somewhat arbitrary, the rule has a logical basis and is easily administered. The rule is premised on the logic that "while the employee is on the employer's premises, the connection with the employment environment is physical and tangible." (1 A. Larson, Workmen's Compensation sec. 15.12, at 4-7 (1978).) The rule is easily applied, and supposedly more equitable rules create unmanageable administrative problems. (1 A. Larson, Workmen's Compensation sec. 15.12, at 4—7 to 4—18 (1978).) This court has long recognized the advantages of adhering to this rule and the undesirability of adopting some less manageable rule. *Payne & Dolan v. Industrial Com.* (1943), 382 Ill. 177, 183.

Petitioner argues that although respondent did not own the public street on which decedent was killed, it "provided" this exit to its plant, decedent was in fact injured on respondent's premises, and the injury is therefore compensable. Petitioner argues, too, that because respondent quitclaimed some of its land to the city for the expansion of 27th Street, participated in the planning of the improvements, chose certain types of lighting standards used to illuminate the intersection, and contributed more than $108,000 to help finance the improvement, and because the improvement benefited respondent in providing more efficient entrance and exit for its employees, the intersection was provided by respondent for use by its employees. In support of her contention petitioner cites *De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110, and *Chmelik v. Vana*

(1964), 31 Ill. 2d 272. These cases are distinguishable because in each case the employer was exercising continuing dominion over the parking lots which were provided for the employees. Here, respondent gave up all dominion over 27th Street more than 10 years earlier, after the land was deeded to the city for use as a public street and the alterations to this intersection were completed.

Petitioner argues that because respondent uses its own snow-removal equipment to remove snow from 27th Street during the winter and because respondent mows the grass median on 27th Street for the purpose of improving the appearance of the plant, respondent continues to exercise control of 27th Street. This court has rejected the contention that the voluntary maintenance of public property is sufficient to show control by the employer. *Reed v. Industrial Com.* (1976), 63 Ill. 2d 247, 249-50.

The rationale behind the "premises rule" supports the conclusion that 27th Street cannot be considered premises provided by the employer. It is difficult, if not impossible, under petitioner's theory, to determine how much of 27th Street, a heavily traveled public thoroughfare, should be considered the premises provided by respondent. Under the "premises rule" the connection with the employment environment is physical and tangible. This court has reasoned that an employee is subject to greater risk than that to which the general public is exposed (*Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239; *Eisenberg v. Industrial Com.* (1976), 65 Ill. 2d 232, 234) when on the employer's premises because ordinarily only employees use the parking lot (*Chmelik v. Vana* (1964), 31 Ill. 2d 272) and the employer is responsible for the maintenance and control of the parking lot (*De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110, 113). Here, the intersection was used by the public, not exclusively by respondent's employees, and the public was subject to the same degree of risk. For the same reasons which compelled adherence to the "premises rule,"

we decline to hold that an employer's contribution to the improvement of a public street or occasional maintenance of that street extends the premises of the employer to a public street.

Petitioner argues that decedent's injuries are compensable because the employer's exit or entrance created a special risk to which the general public was not exposed. Petitioner argues that this court's decisions in *Bommarito v. Industrial Com.* (1980), 82 Ill. 2d 191, and *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, support her position. We disagree. In *Bommarito*, the employer required all employees to enter and exit the store through the rear door. The rear door opened into an alley, and claimant was injured when she stepped in a pothole in the alley. In *Deal*, the employer's office's front door opened immediately onto the sidewalk. (65 Ill. 2d 234, 236.) Claimant was struck by a bicyclist when he stepped through the door. In both cases the court held that the accident arose out of and in the course of employment because the employee was exposed to a risk not normally encountered by the general public. (*Bommarito v. Industrial Com.* (1980), 82 Ill. 2d 191, 197-98; *Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 239.) Here, nothing in the record suggests that the exit at the intersection of 27th Street and Pershing Road was unusually hazardous. The intersection was well lit and controlled by traffic signals, and visibility was clear for a considerable distance in each direction. The record clearly supports the Commission's finding that the intersection was not peculiarly dangerous.

Petitioners argue that a special exception to the premises rule should be adopted for this type of situation because the employee suffered injuries as the result of the hazard created by the employer's business. Petitioner notes that Professor Larson has defended the "premises" rule on the basis that it is impractical to draw any other line, but notes that certain special exceptions could be made without

denigrating the rule:

> "What is needed is a working principle which will serve as a guide to identify those exceptional cases in which the purposes of Workmen's Compensation require some departure from the literal premises concept, and in which it is administratively practical to interpret and apply the exception." (1 A. Larson, Workmen's Compensation sec. 15.13, at 4—18 (1978).)

Petitioner cites *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 280, for the proposition that the "mass and speedy exodus" of employees from the employer's parking lot creates a special risk to which the public is not subjected. Petitioner argues that there is no logical reason why an injury caused by a mass and speedy exodus of employees should only be compensable if it occurs on the employer's premises, noting that *Deal* and *Bommarito* have allowed compensation off the premises where the employee is exposed to a greater risk than that to which the general public is subjected. We need not consider this contention for the reason it was not the "mass and speedy exodus" which exposed decedent to a greater risk of being struck by a driver who failed to stop for a red light. *Chmelik v. Vana* (1964), 31 Ill. 2d 272, is distinguishable. In *Chmelik*, the employee was struck by a co-employee who was also leaving work at the same time. The rationale of the decision is that the "mass and speedy exodus" resulted "in a degree of exposure to the common risk beyond that to which the general public would be subjected." (31 Ill. 2d 272, 280.) Here, decedent was not killed by a fellow employee also leaving the premises at the same time along with an entire shift but rather was killed on a public street by a drinking driver who failed to obey a traffic signal. The "mass and speedy exodus" of respondent's employees did not contribute to decedent's accidental death, nor did it enhance his risk of being struck by a vehicle on the public streets. On this record, the adoption of the rule proposed by petitioner would not aid her.

We have reviewed the cases from other jurisdictions cited by petitioner and find them inapposite. In any event, in view of long-standing and overwhelming precedent from this court, we find it unnecessary to consider them. See *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, 222.

The judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*