Franklin Smelting Company, Petitioner *v.* Workmen's Compensation Appeal Board (Starkes), Respondents.

Submitted on briefs June 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*William F. Sweeney, Schubert, Bellwoar, Mallon & Walheim,* for petitioner.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for respondent.

OPINION BY JUDGE CRAIG, August 19, 1983:

In this workmen's compensation appeal by an employer, Franklin Smelting Company, from decisions of the referee and Workmen's Compensation Appeal Board awarding compensation to claimant Fred

Starkes, the employer questions (1) the conclusion that the injury arose in the course of employment, (2) whether there is substantial evidence support for that conclusion, and (3) whether or not the employer was entitled to a continuance or remand for a rehearing on the basis of after-discovered evidence.

The referee's findings included findings that:

1. The claimant worked the 7:30 a.m.-4:00 p.m. shift as a maintenance man;

2. Around 6:50 a.m. on the date of the injury, the claimant punched in at the timeclock location; and

3. While crossing a public street from that company building to another company building in order to' change clothes in the employer's locker room, the claimant was struck and injured by an automobile.

The referee also found that the claimant customarily arrived at work some time shortly before one-half hour early, to change clothes before starting work at 7:30 a.m. The referee expressly classed as credible the claimant's testimony concerning the time he punched in, rejecting evidence which a foreman offered to the contrary.

The employer, although now acknowledging that the public street between the employer's buildings properly is to be considered part of the employer's premises, contends that the claimant was not in the course of employment at the time of the injury, 7:00 a.m., thirty minutes before the actual starting time. However, the referee's conclusion of law that claimant was in the course and scope of his employment when injured, is, in view of the above factual findings, correct under the rule of *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa. Com-

monwealth Ct. 465, 423 A.2d 792 (1980) and earlier cases, in which we held that, although not actually engaged in the employer's work, an employee is in the course of employment if the injury occurred on the employer's premises at a reasonable time before the work period. In *Fashion Hosiery* the injury occurred between fifteen and thirty minutes before starting time. This case, where the injury occurred about thirty minutes before starting time, in which the matter of changing clothes in the locker room before starting work was also present, stands on an equally firm legal basis with respect to the course of employment.

In *Giebel v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979), we concluded that an employee injured while doing personal shopping during her lunch hour, within a portion of her employer's store where her presence was not required, was not then in the course of her employment, but that case's facts are distinguishable from those in the present case.

The employer's factual attacks, in relation to the claims for further hearing, concern the claimant's timecard, described by a foreman as not timestamped at the time of the accident but later appearing with the time ''7:38'' stamped on it. With additional evidence indicating that the timeclock was not operating properly, we have the referee's finding that the claimant punched in before 7:00 a.m. To support a later time as the actual one, the employer's counsel, on the date that the referee filed his decision, by letter requested a further hearing to present after-discovered evidence, and on appeal to the board, displayed an affidavit of a timeclock serviceman to the effect that a malfunction in one mechanism of the timeclock would not cause a malfunction in the other.

First, we note that, as a matter of law, an employee on the employer's premises can be considered to be engaged in the employer's business without necessarily having punched in on a timeclock. In the employment involved in the *Fashion Hosiery* case, and doubtless in many other situations, no timeclock is involved. Although a timeclock entry may be relevant to the course-of-employment issue, we cannot see that it is indispensable on that point.

We therefore cannot agree with the employer that there was an abuse of discretion by the referee in refusing a continuance not sought until the day of filing the decision, nor by the board in refusing a remand to consider new evidence, of an ambiguous nature, not necessarily determinative on the question of course of employment.

### Order

Now, August 19, 1983, the decision of the Workmen's Compensation Appeal Board at docket No. A-81357 is affirmed and judgment for the award to claimant and counsel fees is entered as stated in the award and orders of the referee.