OSCAR MAYER FOODS CORPORATION, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Ella Wells, Appellee).

Fourth District (Industrial Commission Division)   No. 4—85—0789WC

Opinion filed August 5, 1986.

Larry D. Kuster, of Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville, for appellant.

R. John Alvarez, of Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Oscar Mayer Foods Corporation, appeals from a judgment of the circuit court of Cass County confirming an award of workers' compensation benefits by the Industrial Commission to respondent, Ella Wells. Petitioner contends that respondent's accident when she was struck by an automobile did not arise out of her employment and so was not compensable under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*). We affirm.

Respondent was employed by petitioner. She was one of approximately 100 employees who left work at 3:30 p.m., and it took at least 25 minutes for all of them to leave. Petitioner maintained both a parking lot for its employees and an entrance road separating peti-

tioner's plant from the parking lot. The road gave employees access to the parking lot and was also used by trucks making deliveries to the plant. On July 19, 1982, respondent was struck at about 3:45 p.m. by an automobile driven by a co-employee while crossing the road between the plant and the parking lot.

Respondent sought workers' compensation benefits before the Industrial Commission. The arbitrator found that respondent was entitled to benefits because she "sustained accidental injuries which arose out of and in the course of the employment by" petitioner. On review, the Industrial Commission agreed that respondent's injuries arose out of and in the course of her employment, finding, *inter alia*:

"1. [Respondent], who was a 57 year old meat processing factory worker sustained a fractured pubic ramus on the right side when on July 19, 1982 she was struck by an automobile, being operated by a co-employee, while she was crossing the main entrance road separating [petitioner's] plant and the employee parking lot.

2. The Arbitrator saw the [respondent], heard all the testimony, considered all the evidence and made findings (attached) which are supported by evidence in the record and which the Commission hereby adopts.

3. The Commission notes that the specific findings of the Arbitrator show that [respondent] was injured while leaving [petitioner's] plant by the customary and permitted route, within a reasonable time after her work shift and the injury occurred on a road maintained by [petitioner] giving access for employees to parking lots also maintained by [petitioner]. See *Chemlik [sic] v. Vana*, 31 Ill. 2d 272, 201 N.E.2d 434, (1980) [*sic*]."

The circuit court confirmed the decision of the Industrial Commission and this appeal followed.

■ Petitioner does not dispute the finding that respondent's injuries occurred in the course of her employment. Rather, petitioner contends that respondent's injuries did not arise out of her employment. In connection with this question, "[t]he injury must have its origin in some risk connected with or incident to the employment so as to create a causal connection between the employment and the injury." (*A. E. Staley Manufacturing Co. v. Industrial Com.* (1986), 140 Ill. App. 3d 766, 768, 489 N.E.2d 20, 21.) The Industrial Commission's finding that respondent's injuries arose out of her employment, drawing inferences from facts which are for the most part undisputed, was not against the manifest weight of the evidence. *A. E. Staley Manu-*

*facturing Co. v. Industrial Com.* (1986), 140 Ill. App. 3d 766, 768, 489 N.E.2d 20, 21.

■ Not all injuries on employer-provided parking lots are compensable. The injury must be incidental to the anticipated normal use of the parking lot. (*Aaron v. Industrial Com.* (1974), 59 Ill. 2d 267, 269, 319 N.E.2d 820, 821; *A. E. Staley Manufacturing Co. v. Industrial Com.* (1986), 140 Ill. App. 3d 766, 768, 489 N.E.2d 20, 21.) In the case at bar, respondent's injuries, incurred when she was struck by an automobile while she was crossing the road to get to the parking lot, were certainly incidental to the anticipated normal use of the parking lot and the road. That the accident occurred on the road rather than in the parking lot itself is not significant. *Mast v. Rogers* (1969), 118 Ill. App. 2d 288, 292, 254 N.E.2d 179, 181 (accident on road maintained by employer which provided access to parking lot arose out of employment).

■ Petitioner argues that, because there was testimony from respondent that traffic in parking lots of shopping centers and grocery stores was not much different from that in the parking lot at the plant, there is no "evidence that the danger causing the injury was peculiar to the employee's work." This contention misses the mark. There was no showing that the public used or were exposed to the perils of the parking lot. Petitioner maintains visitors and truck drivers frequent the parking lot. There is no evidence that visitors were ever in the lot and no evidence of who employed the truck drivers. This lack of showing that the public was in the lot or exposed to its perils is sufficient to reject this argument. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 280, 201 N.E.2d 434, 439; *A. E. Staley Manufacturing Co. v. Industrial Com.* (1986), 140 Ill. App. 3d 766, 769, 489 N.E.2d 20, 21.) Even if such a showing could be made, it would not help petitioner:

> "The regular and continuous use of the parking lot by employees, most particularly at quitting time when there is a mass and speedy exodus of the vehicles on the lot, would result in a degree of exposure to the common risk beyond that to which the general public would be subjected." (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 280, 201 N.E.2d 434, 439.)

The parties disagree over whether there was evidence of "a mass and speedy exodus of the vehicles on the lot." It does not seem that such evidence is necessary since it is "[t]he regular and continuous use of the parking lot by employees" which results "in a degree of exposure to the common risk beyond that to which the general public would be subjected." Although this occurs "most particularly at quitting time

when there is a mass and speedy exodus of the vehicles on the lot," *Chmelik* does not hold that it is only at quitting time that a parking-lot injury arises out of the employment or that there must be evidence in each case of "a mass and speedy exodus" of vehicles for a parking-lot injury to be compensable.

■ Moreover, a finding that there was a "mass and speedy exodus" of vehicles would not have been contrary to the manifest weight of the evidence. The only way for employees to get to and from work was by automobile. Although each employee did not drive her own automobile it would be reasonable to infer that a substantial number of automobiles were being used by the 100 employees who left the plant when respondent did. This taken with the testimony of Harvey Merriman, an employee of petitioner, that when a shift ends there are no traffic patterns, that employees just get in their cars and go, and that sometimes it is kind of a rush to get out, permitted the Industrial Commission to infer that there had been a "mass and speedy exodus" of vehicles.

■ The truck traffic merits further comment at this juncture. Assuming the drivers were not employees of petitioner and assuming that they were then members of the general public, they still were not exposed to the parking lot's perils to the same degree was were employees. An individual driving a truck on the road was not exposed to the road's and the parking lot's perils to the same degree as an employee who crossed that road—with its automobile and truck traffic—twice daily on foot and who drove or rode in an automobile in the lot and on the road every day.

Petitioner cites several cases which it suggests are controlling. As petitioner puts it in its reply brief:

> "With the case before it, the Court finds itself with two choices. One choice is to follow the decisions of our highest state court as found in *Northwestern University v. Industrial Commission*, 409 Ill. 216, 99 N.E.2d 18, 21 (Ill. 1951); *Quarant v. Industrial Commission*, 38 Ill. 2d 940 [sic], 231 N.E.2d 397, 399 (Ill. 1970); *Osborn v. Industrial Commission*, 50 Ill. 2d 150, 277 N.E.2d 833 (Ill. 1971); and *Rogers v. Industrial Commission*, 83 Ill. 2d 221, 414 N.E.2d 744, 46 Ill. Dec. 691 (Ill. 1982). The other choice is to ignore these cases and follow *Chemlik [sic] v. Vana*, 31 Ill. 2d 272, 201 N.E.2d 434 (Ill. 1964)."

This is incorrect. The cited cases are distinguishable from *Chmelik*, and *Chmelik* remains the law of this State.

■ The first case cited involved an accident on a public sidewalk next to the place of employment, the second an accident on a public

highway while the employee was on her way to her place of employment, and the third an accident on a public street the employee was crossing in order to go from her place of employment to a parking lot owned by her employer. (*Northwestern University v. Industrial Com.* (1951), 409 Ill. 216, 99 N.E.2d 18; *Quarant v. Industrial Com.* (1967), 38 Ill. 2d 490, 231 N.E.2d 397; *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 277 N.E.2d 833.) They are thus illustrative of the general principle that accidental injuries occurring off the premises of the employer while the employee is traveling to or from work are not compensable. (*Doyle v. Industrial Com.* (1983), 95 Ill. 2d 103, 106-07, 447 N.E.2d 310, 312.) The injuries in the case at bar and *Chmelik* occurred on the premises of the employer, so that the general principle that accidental injuries occurring on the premises of the employer while an employee is traveling to or from work are compensable was applicable. *Doyle v. Industrial Com.* (1983), 95 Ill. 2d 103, 106-07, 447 N.E.2d 310, 312.

■ The fourth case cited by petitioner was exceptional because of both its facts and the Industrial Commission's findings (*Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 414 N.E.2d 744). In *Rogers*, the employee was injured on the employer's premises when he was struck by his wife's malfunctioning automobile. The Industrial Commission denied compensation. The supreme court held that, on these exceptional facts, the employee's injuries did not, as a matter of law, arise out of the employment and that a fact question was presented for the Industrial Commission. (*Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 224, 414 N.E.2d 744, 746.) In reviewing the Industrial Commission's resolution of this fact question, the court could not "say that the Industrial Commission's holding that the claimant's injury, caused by being run down by his wife's malfunctioning automobile, did not arise out of his employment is against the manifest weight of the evidence." (*Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 225, 414 N.E.2d 744, 746-47.) In the case at bar, the Industrial Commission held that respondent's injuries arose out of her employment. It cannot be said that this was incorrect as a matter of law, particularly in the absence of facts as exceptional as those in *Rogers*. It may rather be that the Industrial Commission's holding was correct as a matter of law based on the almost wholly undisputed facts of this case. (See *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434 (accident arose out of employment where employee struck by co-employee's automobile in employer-provided parking lot); *Brooks v. Carter* (1981), 102 Ill. App. 3d 635, 430 N.E.2d 566 (injuries sustained in automobile collision between employee and co-employee in employer's parking lot

arose out of employment); *Mast v. Rogers* (1969), 118 Ill. App. 2d 288, 254 N.E.2d 179 (injuries sustained in automobile collision between employee and co-employee on road owned, controlled and maintained by employer providing access to employer's parking lot arose out of employment); *Burgess v. Erickson* (1966), 72 Ill. App. 2d 85, 218 N.E.2d 111 (accident where employee struck by co-employee's automobile on employer's parking lot arose out of employment).) However, assuming the question was one of fact, it cannot be said that the Industrial Commission's conclusion that the accident at bar arose out of respondent's employment was against the manifest weight of the evidence.

■ In its reply brief, petitioner argues that *Chmelik* is distinguishable and suggests it is no longer good law. Neither claim is correct.

Petitioner attempts to distinguish *Chmelik* on the ground that the question there was whether the Workers' Compensation Act barred a negligence action, rather than whether workers' compensation benefits were payable. This is not a tenable distinction. First, the underlying question in *Chmelik* was whether the Workers' Compensation Act applied to a particular injury. As in the case at bar, the decision required a determination as to whether the accident arose out of the employment. The procedural difference between the case at bar and *Chmelik* does not make a difference with respect to the dispositive question. Second, petitioner's attempted distinction, if adopted, could lead to the anomalous situation of an employee being barred from maintaining a negligence action by the Workers' Compensation Act because for this purpose the accident arose out of the employment, and yet being ineligible for workers' compensation benefits because for that purpose the accident did not arise out of the employment. This, obviously, would be unsound.

*Chmelik* also remains the law of this State, having recently been cited by both this court (*A. E. Staley Manufacturing Co. v. Industrial Com.* (1986), 140 Ill. App. 3d 766, 768, 489 N.E.2d 20, 21) and the supreme court (*Doyle v. Industrial Com.* (1983), 95 Ill. 2d 103, 107-08, 447 N.E.2d 310, 313). If, after the court in *Doyle* felt it necessary to distinguish *Chmelik*, there could be any question as to whether *Chmelik* had been implicitly overruled by the cases cited by petitioner, that question would be answered by the treatment of *Chmelik* in one of the cited cases.

In *Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 225-27, 414 N.E.2d 744, 747-48, the dissent argued that the case was virtually identical to *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434,

and that therefore the outcome should be the same. The majority did not respond by saying that *Chmelik* was no longer good law. In fact, the majority cited *Chmelik* for a proposition of law and discussed a case (*Fisher Body Division, General Motors Corp. v. Industrial Com.* (1968), 40 Ill. 2d 514, 240 N.E.2d 694), which distinguished *Chmelik*. (*Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221, 224-25, 414 N.E.2d 744, 746.) This treatment of *Chmelik* by the majority and the dissent in *Rogers*, particularly in light of the supreme court's subsequent treatment of *Chmelik* in *Doyle*, demonstrates that the supreme court continues to treat *Chmelik* as a viable case, to be cited or discussed when appropriate.

Therefore, the Industrial Commission did not err in holding that respondent's accident arose out of her employment and the circuit court correctly confirmed the decision of the Commission. The judgment of the circuit court of Cass County is accordingly affirmed.

Affirmed.

WEBBER, P.J., and KASSERMAN, BARRY, McNAMARA, JJ., concur.