**Cora L. COPELAND, Plaintiff–Appellant,**

**v.**

**LEAF, INC., Defendant–Appellee.**

Supreme Court of Tennessee,
at Memphis.

March 23, 1992.

Rehearing Denied April 13, 1992.

Ronald Hill, Betty Ann Milligan, Spicer, Ridolphi, Flynn & Rudstrom, Memphis, for plaintiff-appellant.

Robert D. Meyers, The Hardison Law Firm, Memphis, for defendant-appellee.

OPINION

DROWOTA, Justice.

We have been asked to interpret our recent decision in *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn.1989), as it applies to the facts of this case, in order to determine whether Plaintiff's injuries are compensable. To be compensable under our workers' compensation statute, an injury must be one "arising out of and in the course of employment." T.C.A. § 50–6–102(a)(5) (1991). In *Lollar* we evaluated

a substantial body of case law and re-examined our holding in *Woods v. Warren*, 548 S.W.2d 651 (Tenn.1977), regarding the principles governing workers' compensation liability when an employee is injured en route to or from work. We found that our rule in *Woods* "has not proved a workable one." 767 S.W.2d at 148. We "frankly admit[ted] the inequities that have resulted from Tennessee's unique minority rule." *Id.* at 150. We adopted a premises liability standard employed by nearly all jurisdictions, *see* 1 Larson, *Workmens' Compensation Law*, § 15.11 (1985 ed.), and held "that a worker who is on the employer's premises coming to or going from the actual work place is acting in the course of employment [and] that if the employer has provided a parking area for its employees, that parking area is part of the employer's premises regardless of whether the lot is also available to customers or the general public." 767 S.W.2d at 150.

## THE FACTS

In 1970, the Plaintiff-employee, Cora L. Copeland, started working in the plant of the Defendant, Leaf, Inc. in Memphis, Tennessee. On June 13, 1988, Plaintiff clocked out of Defendant's plant at 2:30 p.m., exited the designated employee door, and headed for her car in the parking area. Leaf, Inc.'s plant is located on Kansas Street and Plaintiff's car was parked in a designated employee parking lot directly across Kansas Street from the main plant. Plaintiff testified that after crossing the street an individual got out of a car on Kansas Street to strike another individual with an iron pipe. The second individual, a Leaf employee, ran and knocked Plaintiff under one of Defendant's trucks in the company owned parking lot across the street from the plant. It is unclear whether Plaintiff was initially struck while crossing Kansas Street or whether she had reached the sidewalk. However, whether it was the street or sidewalk matters little because both are public ways and not the premises of the Defendant Leaf, Inc.

1. The term "premises" includes the entire area devoted by the employer to the industry with

## FINDINGS OF THE TRIAL COURT

The trial court found "that the Plaintiff had clocked out of her place of employment, left at the exit, and was on the public street or sidewalk which intervened between her place of employment and the parking lot provided for the employees such as Plaintiff, when she was suddenly knocked down by a temporary employee of Defendant who was fleeing for his own safety from a non-employee, who was chasing him because of a romantic disagreement." Citing *Lollar v. Wal–Mart*, the Court specifically found "that while an employee on the employer's premises, or the employee parking lot provided for its employees, who sustains an injury may claim compensation, it appears that one who is not on the employer's premises after leaving work may not claim compensation, even though he or she may later be intending to enter upon another part of the employer's premises." The trial court's holding is consistent with *Lollar*; however, we are asked by Plaintiff to extend *Lollar* in order to avoid the unfairness of the trial court's decision. Plaintiff seeks to have the premises rule broadened to include that area necessary for access to that land actually owned or controlled by the employer.

## OUR FINDINGS AND CONCLUSIONS OF LAW

■ Had this accident occurred on Defendant's plant site or on Defendant's parking lot, liability under *Lollar* would have been clear because Plaintiff would have been injured on the employer's premises en route from work. In the case before us, the employer's premises,[1] the work site and the parking lot, are divided by a public way—thus distinguishing this case from *Lollar*. In *Lollar*, the parking lot adjoined the work site; the two were not divided by a public street. We were aware when deciding *Lollar* that the configurations of employers' premises vary greatly. We also recognized that "any attempt to draw a line ... will eventually engender difficult

which the employee is associated. 1 Larson, *Workmen's Compensation Law*, § 15.41 (1990).

cases...." 767 S.W.2d at 150. This is such a case. Should recovery be denied because an employee is injured while crossing a public street which separates the job site from the employer-owned parking lot? When considering the *Lollar* decision, we were not unmindful that a fact situation similar to the one we have before us today would soon need to be addressed by this Court. Other states that have adopted the premises liability rule have considered similar factual situations. Professor Larson points out in his treatise that: "One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether going and coming, or pursuing his active duties." 1 Larson, *Workmen's Compensation Law*, § 15.14(a) (1990). In section 15.14(b), Professor Larson points out that parking lots owned or maintained by the employer are treated by most courts as part of the premises, and that most courts hold that an injury in a public street between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises. *See Knoop v. Industrial Comm'n.*, 121 Ariz. 293, 589 P.2d 1325 (1978) (The employee fell and was injured in the street while she was crossing from the parking lot to the employer's building. The employee had been told to park in the lot which was separated from the employer's building by the public street. Employee recovered benefits.); *State Compensation Ins. Fund v. Walter*, 143 Colo. 549, 354 P.2d 591 (1960) (Public street bisected the employer's premises and separated the parking lot from the main area. Employee was injured while crossing the street and injury was found to be compensable.); *West Point Pepperell, Inc. v. McEntire*, 150 Ga.App. 728, 258 S.E.2d 530 (1979) (Employee was struck by a car while crossing the street from her place of employment to a company owned parking lot. The court held the journey between two parts of the employer's premises is covered.); *Oscar Mayer Foods Corp. v. Illinois Indus. Comm'n.*, 146 Ill.App.3d 315, 99 Ill.Dec. 822, 496 N.E.2d 515 (1986) (Employ-

ee was injured in the road between the employer's parking lot and the plant. Defendant contended injury did not arise out of the employment. The court found employee's injury was compensable.); *Gray Hill, Inc. v. Industrial Comm'n.*, 145 Ill. App.3d 371, 99 Ill.Dec. 295, 495 N.E.2d 1030 (1986) (Employee fell on ice on public sidewalk between the entrance she was instructed to use and her parking lot. The court found this was the only practical access to the factory and allowed recovery.); *Proctor–Silex Corp. v. Debrick*, 253 Md. 477, 252 A.2d 800 (1969) (Employee parked her car in a parking lot leased by her employer. She proceeded across a public street which divided the lot from the employer's building and while walking on an icy sidewalk which adjoined the building she slipped and was injured. The court found her injury to be compensable.); *Smith v. Greenville Prods. Co.*, 185 Mich. App. 512, 462 N.W.2d 789 (1990) (Employee was struck by a car while crossing a public street on his way from the parking lot, provided by his employer, to the employer's plant. The Court held that plaintiff was sufficiently within "the zone, environments and hazards of his labor" to be under the protection of the Workers' Compensation Act, which act encompassed the premises rule.) *Adair v. Metropolitan Bldg. Co.*, 38 Mich.App. 393, 196 N.W.2d 335 (1972) (While proceeding from employer's premises to a parking lot owned by the employer, employee was injured while walking on a driveway owned by another company. The court found claimant to be within the "zone, environments and hazards" of his labor, and therefore on the premises of his employer.); *Lewis v. Walter Scott & Co.*, 50 N.J.Super. 283, 141 A.2d 807 (1958) (Employee fell on a public sidewalk connecting employer's building with employee's parking lot. The court held the injury compensable.); *Gaik v. National Aniline Div., Allied Chem. & Dye Corp.*, 5 A.D.2d 1039, 173 N.Y.S.2d 409 (1958) (Employee fell on sidewalk outside of the plant and the court held the injury was compensable when the employee was coming from employer-owned parking lot located two blocks away.); *Baughman v. Eaton Corp.*, 62

Ohio St.2d 62, 402 N.E.2d 1201 (1980) (Employee was injured while crossing a public street which was between the parking lot and the plant premises. The Ohio Supreme Court held it would be unreasonable to deny the employee compensation for injuries he sustained on a public street while he was going to work.); *Swanson v. General Paint Co.*, 361 P.2d 842 (Okla.1961) (An injury to employee while crossing a public highway between the work premises and a parking lot furnished by the employer's landlord was found to be compensable.); *Epler v. North Am. Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978) (Employee was struck and killed by an automobile while crossing the street to the parking lot after work. The court allowed recovery holding that the accident happened while the decedent was going to the parking lot, an integral part of the business.); *Franklin Smelting Co. v. Workmens' Comp. App. Bd.*, 76 Pa.Commw. 467, 463 A.2d 1296 (1983) (Employee punched in at the time clock located in one building, and began crossing a public street in order to change his clothes in the locker room, which was located in another building. He was struck by a car and injured while attempting to cross the street and benefits were awarded.); *Branco v. Leviton Mfg. Co.*, 518 A.2d 621 (R.I.1986) (Employee was struck and injured while crossing the street between the company-owned parking lot and the employer's plant. Compensation awarded.); *cf. Hughes v. Decatur Gen. Hosp.*, 514 So.2d 935 (Ala.1987) (Decedent was killed in the public street between the main premises and the employer's parking lot. A wrongful death action was barred by exclusiveness.); *Barnett v. Britling Cafeteria Co.*, 225 Ala. 462, 143 So. 813 (1932) (Employee slipped on ice on a public sidewalk immediately in front of employer's place of business just as she was about to enter. The majority opinion said the sidewalk was equivalent to part of the premises, since it was essential to the employer's business and an avenue of entrance. The court held an employee may be so close to the scene of his labor, within its zone, environments, and hazard as to be, in effect, at the place and under the protection of the act.); *Knight–Ridder Newspaper Sales, Inc. v. Desselle*, 176 Ga.App. 174, 335 S.E.2d 458 (1985) (Employee was struck by a car while crossing a public street between the building in which he worked and a parking lot leased by his employer for the sole use of its employees. Employee was not required to park in the lot but did so on this occasion. The court in finding the injury compensable held that it was not significant that the employee was injured on a public street in that he could not have reached the parking lot without crossing the street. Employee was taking a direct route from one part of the employer's premises to another. In this tort action, summary judgment was granted to the defendant based on the exclusive remedy section of the workers' compensation statute.); *Mallette v. Mercury Outboard Sup. Co.*, 204 Tenn. 438, 321 S.W.2d 816 (1959) (The employer operated a floating marina off of a large barge on a lake. A floating ramp led from the barge to the bank. Concrete steps led from the water's edge to the top of a steep bluff. A parking lot was located on top of the bluff. The employer's lease included the barge, the ramp and the parking lot. The steps were constructed and maintained by the city. The plaintiff-employee slipped on the steps while leaving work and was seriously injured. The Supreme Court found the accident compensable because the steps were the only reasonable means of getting to and from the place of employment.).

In *Epler v. North Am. Rockwell Corp.,* *supra,* it was necessary for the employee to cross a public thoroughfare after leaving the work place to get to the employee parking lot. As Epler attempted to cross the road, he was struck and killed by an automobile. The Pennsylvania Supreme Court, in an opinion written by, now, Chief Justice Nix held:

> We find no justification in logic or law which would support the conclusion that compensation should be denied, under the facts of the instant case, solely because the accident occurred while the claimant was crossing a public road.... To employ the distinction between accidents occurring on a public way and a

private way [citations omitted.] under the facts of this case would place undue significance upon a fact that should not here be controlling. The real question is whether the site of the accident was an integral part of employer's premises. 393 A.2d at 1166. Justice Pomeroy, in a concurring opinion, stated:

> The exception to the "premises rule" recognized by the Court today is that an injury in a public street or other off-premises place between plant and parking lots is in the course of employment because it occurs on a necessary route between two portions of the premises. This position represents the majority rule of other jurisdictions.... [footnote omitted.] The best explanation for today's short extension of the "premises rule" is that the employer is responsible for creating the necessity of his employees' encountering the particular hazards of the trip between a noncontiguous parking lot and the working plant itself.

*Id.* at 1167–68.

We agree with Justice Pomeroy that, here, it was the employer who created the necessity of the employee's crossing a public street between a noncontiguous parking lot and the plant itself. To allow coverage from the plant to the public street, to disallow coverage while crossing the street, and to allow coverage while walking in the parking lot to her automobile would appear inconsistent and illogical. *Cf. Mallette v. Mercury Outboard Sup. Co., supra* (This Court allowed recovery when employee was injured on city steps, because the steps were the only reasonable means of getting from the place of employment to the parking lot.)

 We realize that a strict interpretation of the *Lollar* premises liability rule would make the application of the rule easier to apply. However, we are concerned that such an interpretation would create arbitrary and illogical results. We fully realize an extension of *Lollar* will even-

tually engender even more difficult cases, yet we feel an extension is warranted. Therefore, we hold that employees who must cross a public way that bisects an employer's premises and who are injured on that public way while traveling a direct route between an employer's plant facility and parking lot, are entitled to workers' compensation benefits. Because such travel was necessary by the Plaintiff here, her injury on the public way is compensable.

Having found Plaintiff's claim for workers' compensation benefits compensable, we reverse the judgment of the trial court and remand for an assessment of damages, if necessary.[2] The costs of this cause are taxed to the Defendant Leaf, Inc.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

**2.** A remand may be unnecessary for it appears to this Court that counsel for the Defendant has conceded that if Plaintiff's claim is compensable, then Plaintiff is entitled to 100 percent disability. In response to a question by the trial court, counsel for the Defendant stated: "If the Court were to find that she's compensable, then she's 100 percent under the proof."