THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

October 26, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ROBBY McCURRY | ) | |
| | ) | |
| Plaintiff/Appellee | ) | **FOR PUBLICATION** |
| | ) | |
| v. | ) | **FILED: OCTOBER 26, 1998** |
| | ) | |
| CONTAINER CORPORATION OF | ) | CAMPBELL CHANCERY |
| AMERICA, a Division of | ) | |
| Jefferson Smurfit | ) | Hon. Billy Joe White, Chancellor |
| Corporation | ) | |
| | ) | No. 03S01-9705-CH-00050 |
| Defendant/Appellant. | ) | |
| | ) | |
| | ) | (Workers' Compensation) |

For the Appellant:

Martin L. Ellis &
Vonda M. Laughlin
Butler, Vines & Babb, P.L.L.C.
Knoxville, Tennessee

For the Appellee:

David H. Dunaway
Dunaway & Associates
LaFollette, Tennessee

# OPINION

REVERSED AND DISMISSED                                          BARKER, J.

# OPINION

In this workers' compensation action, the employer, Container Corporation of America (C.C.A.), defendant-appellant, has appealed from a judgment of the Chancery Court of Campbell County finding the plaintiff-appellee's injuries arose from a work-related dispute and were thus compensable. The Special Workers' Compensation Appeals Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 50-6-225 (e)(5) (Supp. 1997), affirmed the trial court. Thereafter, C.C.A. filed a motion for full court review of the Panel's decision pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B)(Supp. 1997).

We granted the appeal in this case to determine whether the appellee's injuries arose out of and in the course of his employment with the C.C.A. For the reasons provided herein, we conclude that the injuries did not occur during the course of the appellee's employment. The decision of the Panel is reversed and the case is dismissed.

# BACKGROUND

The appellee, Robby McCurry, operated a flexo-folder gluer machine at C.C.A.'s plant facility. He had worked for C.C.A. for seven years and was an operator on a machine crew. Operating the gluer machine required a team effort and the appellee was paired with several co-workers, including one Gary Woods.

On the evening in question, the appellee, Mr. Woods, and other employees were supposed to be working together on the gluer machine; however, the appellee complained that Mr. Woods was not performing his job. The appellee reported the

2

problem to a second shift supervisor and Mr. Woods was later reprimanded for his deficient conduct. When Mr. Woods returned to the machine crew, he appeared angry, but he did not threaten or harm the appellee at that time.

The employees worked overtime that evening and completed their shift at approximately 2:00 a.m. Mr. Woods clocked out and left the plant shortly before the appellee and other co-workers. After the appellee clocked out, he drove his car some eighty (80) feet from the company premises before stopping on Anderson Road to assist a fellow employee with car trouble. As he exited his car, he noticed Mr. Woods driving up along the roadside behind him. Mr. Woods parked his vehicle near the appellee and asked if they could talk. The appellee agreed that they should talk because of their problems at work. However, as he approached Mr. Woods' vehicle, Mr. Woods pulled out a baseball bat and began striking the appellee multiple times on his head, knee, and the left side of his body. The appellee suffered a ruptured spleen and severe bruising as a result of the attack.

The record reflects that there was friction and stress inside the C.C.A. plant for about six months before the assault. The appellee and other employees testified that the tension was caused by their work relationship with Mr. Woods. According to testimony at trial, Mr. Woods often listened to music through portable headphones while on the job and would not respond when spoken to by colleagues. In addition, he would hold up production lines by refusing to perform his work duties. The appellee and other employees complained that Mr. Woods would lie down, perform calisthenic exercises, and hide in the women's bathroom to avoid doing his job. There was also suspicion by some employees that Mr. Woods drank alcoholic beverages before and during his work shifts.

3

The appellee and co-worker Dewey Slasher testified that the supervisors at C.C.A. were reluctant to reprimand Mr. Woods for his deficient conduct. They theorized that the supervisors were intimidated by Mr. Woods because of his large stature.[1] Lowell Marlow and David Brown, the second and third shift supervisors at C.C.A., testified that they were not intimidated by Mr. Woods. Mr. Brown stated that he frequently received complaints about various employees at the plant and did not perceive anything unusual when the appellee complained about Mr. Woods on the evening of the assault. Mr. Brown testified that he talked to Mr. Woods that evening and did not notice any signs of anger or intoxication.

Mr. Marlow, the supervisor in charge of the appellee and other second shift employees, testified that he was unaware of any problems between the appellee and Mr. Woods prior to the assault. He recalled that Mr. Woods had argued with the appellee approximately two months before the incident. However, he indicated that he would not have been afraid to reprimand Mr. Woods had he been informed of Mr. Woods' alleged drinking and disciplinary problems. He testified that he had not received any complaints about Mr. Woods' drinking on the job from either the appellee or any other employee at C.C.A.

The trial court found that there was friction in the workplace between Mr. Woods and other C.C.A. employees. According to the trial court, the incident between the appellee and Mr. Woods arose out of a work-related dispute and was a culmination of the stress and tension at C.C.A. Therefore, although the appellee's injuries occurred off company time and away from company premises, the trial court concluded that they were compensable under the Workers' Compensation Act. The

---

[1]Mr. Woods is six feet seven inches tall and 245 pounds.

trial court's judgment was affirmed by the Special Workers' Compensation Appeals Panel.

## DISCUSSION

An employee's right to recover under the Tennessee Workers' Compensation Act[2] is based upon a finding that the employee's personal injury arose out of and in the course of employment. Tenn. Code Ann. § 50-6-103(a) (Supp. 1997). The phrases "arising out of" and "in the course of employment" are not synonymous. Woods v. Harry B. Woods Plumbing Co., 967 S.W.2d 768, 771 (Tenn. 1998). They consist of two distinct elements with "arising out of" pertaining to the origin of the injury and "in the course of employment" referring to the time, place, and circumstances in which the injury occurred. McAdams v. Canale, 200 Tenn. 655, 294 S.W.2d 696, 699 (1956). Both elements must be satisfied to impose liability on the employer. Thorten v. RCA Serv. Co., 188 Tenn. 644, 221 S.W.2d 954, 955 (1949).

We shall first address whether the appellee's injuries arose out of his employment with C.C.A. The "arising out of" requirement is satisfied when the employee's injury has a rational connection to his or her work duties. Broden v. Sears, 833 S.W.2d 496, 498 (Tenn. 1992). If the employee is injured from an assault, our focus becomes whether the assault had a causal connection to the employment, such as a dispute between employees over job performance, pay or termination. See Woods Plumbing Co., 967 S.W.2d at 771.

Generally, if one employee assaults another solely to gratify a personal or private grievance, unrelated to employment, the resulting injury does not arise out of employment within the meaning of the workers' compensation laws. Brimhall v. Home Ins. Co., 694 S.W.2d 931, 932 (Tenn. 1985). In appellee's case, however, the conflict

---

[2]Tenn. Code Ann. §§ 50-6-101 - 705 (Supp. 1997).

between the appellee and Mr. Woods originated from their work relationship. The record shows that Mr. Woods became angry with the appellee when the appellee complained to supervisors about Mr. Woods' deficient job performance. Mr. Woods harbored his ill feelings during the remainder of the work shift and later attacked the appellee outside of C.C.A. premises. The two had no relationship aside from being similarly employed. We are of the opinion that the assault and resulting injuries arose out of the appellee's employment.

The next question is whether the appellee was in the course of employment when the assault occurred. In Tennessee, the general rule is that an injury received by an employee while en route to or from work is not in the course of employment. See Pool v. Metric Constructors, Inc., 681 S.W.2d 543, 544 (Tenn. 1984). This Court, however, has recognized limited exceptions in cases where excursions away from the workplace are a substantial part of the services for which the employee is hired and compensated. See Smith v. Royal Globe Ins. Co., Inc., 551 S.W.2d 679, 681 (Tenn. 1977).

Other exceptions to the general rule have been made in cases where employees are injured while en route to or from the workplace, either on the employer's premises or between the work facility and employee parking areas. In Lollar v. Wal-Mart Stores, Inc., 767 S.W.2d 143, 150 (Tenn. 1989), an employee was injured when she slipped on a patch of ice in the company parking lot, after she had clocked out and was preparing to leave work. Id. at 143. In allowing recovery, we adopted a premises liability rule, holding that the course of employment includes both

the time of work and a reasonable time during which the employee is on the employer's premises[3] en route to or from the workplace. Id. at 150.

Following Lollar, this Court had occasion to address whether the premises rule should be extended to cover public thoroughfares that employees must use to access company parking areas. See Copeland v. Leaf, Inc., 829 S.W.2d 140, 144 (Tenn. 1992). In Copeland, it was necessary for the plaintiff and other employees to cross a public street, running in front of the company plant, to get to an employee parking lot. See id. at 141. On the day in question, the plaintiff was walking across the public street when she was knocked down and injured by a fellow employee. Id. She had clocked out and was approaching the parking area when the injury occurred. Id.

The Court noted that under Lollar, the plaintiff's right to recover depended upon whether she had reached the employee parking lot at the time of her injury. See Copeland, 829 S.W.2d at 141. The Court stated that it would be inconsistent and illogical under the workers' compensation laws to deny coverage merely because the plaintiff was on a public street and had not yet reached the company parking area. Id. at 144. Therefore, the Court extended the premises rule to allow recovery for employees who are injured on public thoroughfares while traveling on a necessary route between the employer's work facility and parking lot. Id.[4]

---

[3]The term "premises" includes the entire area devoted to the employment by the employer, including the parking lots provided for employee use. See Lollar, 767 S.W.2d at 150; 1 Larson, *Workmen's Compensation Law*, § 15.42 (1994).

[4]The Court noted that other jurisdictions have granted recovery under similar factual circumstances. See Branco v. Leviton Mfg. Co., 518 A.2d 621 (R.I. 1986); Baughman v. Eaton Corp., 62 Ohio St. 2d 62, 402 N.E.2d 1201 (1980); Epler v. North Am. Rockwell Corp., 482 Pa. 391, 393 A.2d 1163 (1978); Knoop v. Industrial Comm'n, 121 Ariz. 293, 589 P.2d 1325 (1978); Proctor-Silex Corp. v. Debrick, 253 Md. 477, 252 A.2d 800 (1969); State Compensation Ins. Fund v. Walter, 143 Colo. 549, 354 P.2d 591 (1960); Gaik v. National Aniline Div. Allied Chem. & Dye Corp., 5 A.D.2d 1039, 173 N.Y.S.2d 409 (1958); Barnett v. Britling Cafeteria Co, 225 Ala. 462, 143 So. 813 (1932); Smith v. Greenville Prods. Co., 185 Mich. App. 512, 462 N.W.2d 789 (1990); Oscar Mayer Foods Corp. v. Illinois Indus. Comm'n, 146 Ill. App. 3d 315, 99 Ill. Dec. 822, 496 N.E.2d 515 (1986); West Point Pepperell, Inc. v. McEntire, 150 Ga. App. 728, 258 S.E.2d 530 (1979).

The decision in Copeland was based in part upon our recognition that public thoroughfares become an integral part of the employer's premises when used by employees as necessary routes between the work facility and the employee parking area. See id. When employees travel on these public routes to and from work, they are deemed to be in the course of employment even though they are not officially on company time. The reason for this extended rule is that employers are responsible for creating the necessity of employees encountering particular hazards while traveling between the parking areas and the work facility.

In this case, we find that the incident between the appellee and Mr. Woods occurred outside the scope of employer liability as intended by the premises rule. The appellee was injured approximately eighty (80) feet from the company premises after he had driven away from the workplace and had stopped on a public road to assist a fellow employee. The appellee admitted at trial that his decision to stop was personal and not related to or required by his employer. He further stated that he had completed his work duties and was on his way home when the injuries occurred.

The Panel determined that the appellee's injuries were compensable because they occurred nearby C.C.A. premises, shortly after the appellee had completed his work shift. The Panel held that, "[w]hen the ill will arises in the workplace and the assault is carried out in close proximal and temporal scope to the performance of work, as in this case, ... the injuries arise out of and in the course of employment."

The Panel's decision essentially creates a "so close by rule," requiring courts to focus upon the degree of time and distance between work performance, the employers' premises, and the location of the employees' injury. This Court has previously rejected a similar rule, discussed in Smith v. Camel Mfg. Co., 192 Tenn. 670, 241 S.W.2d 771, 774 (1951), finding that such a rule would be difficult to apply

8

uniformly and is neither contemplated by nor required under the workers' compensation laws. Id. Following Smith v. Camel, we again decline to adopt a liability rule that is based upon arbitrary measurements of time and distance from the performance of work.

We continue to follow the premises rule as adopted in Lollar and Copeland, supra. In cases where an employee is injured while en route to or from work, the injury is in the course of employment if it occurs on the employer's premises or on a necessary route between the work facility and the areas provided for employee parking. Once the employee has exited the parking area and begins traveling on personal time, away from the employer's premises, he is no longer in the course of employment.

## CONCLUSION

We are mindful that the appellee suffered extensive injuries from a brutal and senseless attack arising out of his employment with C.C.A. Nevertheless, by exiting the work complex and stopping along a public road, the appellee was outside of company premises and was no longer in an area of egress or ingress required by his employer. We, therefore, conclude that his injuries were not in the course of employment.

Based upon the foregoing, the appellee's injuries, although unfortunate, are not compensable under workers' compensation. The judgment of the Panel is reversed and the case is dismissed, with costs of this appeal taxed to the appellee.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

Drowota, Birch, Holder, JJ.;
Anderson, C.J., not participating.

10

SUPREME COURT, KNOXVILLE

ROBBY McCURRY                         )
                                      )
        Plaintiff/Appellee            )        CAMPBELL CHANCERY
                                      )        NO. P-13,742 Below
v.                                    )
                                      )
CONTAINER CORPORATION OF              )        NO. 03S01-9705-CH-00050
AMERICA, a Division of                )
Jefferson Smurfit                     )        Special Workers' Compensation
Corporation                          )        Appeals Panel Reversed,
                                      )        Case Dismissed
        Defendant/Appellant.          )
                                      )

JUDGMENT

This case was heard upon the record on appeal from the Special Workers'

Compensation Appeals Panel, pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B)

(Supp. 1997), and in consideration thereof, this Court is of the opinion that the

appellee's injuries did not occur during the course of his employment with the

appellant, C.C.A.


In accordance with the opinion filed herein, it is, therefore, ordered and

adjudged that the judgment of the Panel is reversed and the case is dismissed.


Costs of this appeal will be taxed to the appellee, Robby McCurry, for which

execution will issue if necessary.


10/26/98